EL PUEBLO DE PUERTO RICO, demandante y apelado, v.
César R. Garcés, acusado y apelante.

No. 3027.—*Visto*: Febrero 8, 1927. *Resuelto*: Febrero 18, 1927.

1. COMPRA DE OBJETOS ROBADOS—DE LA ACUSACIÓN—SU SUFICIENCIA EN GENERAL.
   —Una acusación bajo el artículo 438 del Código Penal es bastante, si sigue
   las palabras del estatuto; la alegación en la acusación que la compra de los
   objetos robados se hizo ''con la intención de lucrarse'' equivale a decir ''por
   lucrarse'', frase del estatuto.

2. COMPRA DE OBJETOS ROBADOS — DE LA ACUSACIÓN — DESCRIPCIÓN DEL OBJETO
   COMPRADO.—Cuando para designar el objeto robado y comprado—en acusa-
   ción bajo el 438 del Código Penal—se usa el vocablo técnico que lo repre-
   senta, y éste, por su uso corriente en el lenguaje vulgar, puede enterar al
   acusado del objeto robado, el uso de dicho vocablo en la acusación, sin más
   descripción, no hace dicha acusación defectuosa.

3. COMPRA DE OBJETOS ROBADOS—EVIDENCIA—CONOCIMIENTO DE QUE LOS OBJETOS
   COMPRADOS ERAN ROBADOS.—Si bien en los delitos por compra de cosas ro-
   badas la simple posesión del *corpus delicti* no es por sí bastante para que
   implique tal conocimiento por el acusado, dicho conocimiento, sin embargo,
   es cuestión para determinar por los hechos todos del caso.

4. COMPRA DE OBJETOS ROBADOS—EVIDENCIA—PESO Y SUFICIENCIA—IDENTIFICA-
   CIÓN DE LOS OBJETOS ROBADOS Y COMPRADOS.—En proceso por comprar obje-
   tos hurtados, cuando dichos objetos—corpus delicti—en poder de un acusado
   corresponden a números de orden con que así se les había marcado en el sitio
   de donde aquéllos fueron sustraídos, los mismos quedan suficientemente iden-
   tificados.

SENTENCIA de *Pablo Berga*, J. (San Juan), condenando al acusado
   por delito de Infracción al artículo 438 del Código Penal. *Con-
   firmada.*

*M. Figueroa del Rosario* y *J. Jiménez Aguayo*, abogados del apelante;
   *José E. Figueras*, abogado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

En este caso se acusó al apelante de haber violado el ar-
tículo 438 del Código Penal, formulándose en síntesis la
acusación como sigue:

''. . . . el acusado César R. Garcés, ilegal, voluntaria y malicio-
samente, con la intención de lucrarse y a sabiendas de que eran ro-
bados compró en la suma de $5.00 dos acumuladores a una persona
a quien dice no conoce y que ignora su nombre, los cuales tienen un
valor de $44.00 y que habían sido hurtados a la Insular Motor Co.
de San Juan y que fueron ocupados en poder del acusado. . . . .''

[1] Sostiene el acusado que la acusación es insuficiente porque, en primer lugar aunque en la acusación se alega que la compra de los objetos hurtados se hizo ''Con la intención de lucrarse,'' no basta por sí sola esta alegación, sino que es necesario alegar que el acusado había derivado un beneficio, real efectivo, al realizar la transacción.

El art. 438 del Código Penal dice:

''Toda persona que por lucrarse, o para impedir que el dueño vuelva a poseerla, comprare o recibiere alguna cosa mueble, sabiendo que fué hurtada, incurrirá. . . . .'' ·

La acusación sigue al estatuto y esto es suficiente, pues aunque en la acusación se alega ''con la intención de lucrarse,'' esto equivale a decir ''por lucrarse,''· según expresa el artículo 438. Este artículo es copia de la sección 496 del Código Penal de California, y allí se ha resuelto que una acusación que viola dicha sección, es bastante si sigue las palabras del estatuto. *People* v. *Avila,* 43 Cal. 196; *People* v. *Rice,* 73 Cal. 220, y *People* v. *Tilley,* 135 Cal. 61.

[2] En segundo lugar se alega que no se describe en la acusación lo que significa el término ''acumuladores'' que fueron los objetos comprados y que esto hace defectuosa la acusación.

El vocablo ''acumulador'' aunque en su origen tuvo un significado técnico, su uso se ha hecho corriente en el lenguaje vulgar, y su simple empleo en la acusación, sin más descripción, podía enterar enteramente al acusado de cuál era el verdadero objeto comprado, sin tener que entrar en otros detalles para así quedar definido.

[3] El segundo error que se apunta por el apelante se refiere a la apreciación de la prueba y alega que no se demostró ''que el acusado tenía conocimiento directo o indirecto de que los objetos comprados eran hurtados.''

La regla en cuanto a la intención criminal está establecida en el artículo 12 del Código Penal en sentido que tal intención, como condición subjetiva, sólo puede descubrirse

por las circunstancias relacionadas con el delito. En cone-xión con esto se ha sentado en general por las autoridades que en los delitos por compra de cosas robadas, la simple posesión del *corpus delicti* no es por sí bastante para que implique tal conocimiento por el acusado. Deben existir otras circunstancias para sorprender la condición mental del acusado en cuanto al conocimiento de los objetos hurtados.

En este caso se encontraron en poder del acusado los dos acumuladores que fueron sustraídos a la Insular Motor Cor-poration. Según se desprende de la prueba, el acusado en los primeros momentos, tan pronto admitía que ellos le ha-bían sido remitidos por su padre desde Arecibo, como tam-bién que le habían sido enviados de Mayagüez, hasta que luego admitió que los había comprado a un desconocido. Esta era una circunstancia para considerar, por el mismo acusado. Otra lo era en cuanto al precio. El acusado era traficante en efectos de automóviles; era de presumir que conociera el precio de tales efectos. Se probó que su valor en plaza era de $18 ó $20 cada uno. El los compró ambos por un total de $5 y ésta era otra circunstancia de impor-tancia para él, por sí sospechosa, para conocer que los ob-jetos no podían haber sido bien habidos.

En el caso de *People* v. *Clausen,* 120 Cal. 382, se dice que la cuestión de si el acusado conocía los artículos que eran robados es para ser determinada por todos los hechos del caso. La corte dijo además:

"No es necesario que hubiese oído los hechos de testigos oculares. Se le exige que use la precaución corriente tomada por personas que compran objetos fuera de establecimientos públicos; y éste es el caso principalmente de personas que compran a precios sumamente bajos. Lo que un hombre en la posición del acusado debió haber sospechado, debe considerarse que lo ha sospechado, en cuanto era necesario para prevenirle y hacerle vacilar. . . . . En cualquier caso la prueba es de inferencia y entre las presunciones ocupa lugar preferente la de lo inadecuado del precio y la de la irresponsabilidad del vendedor o depositario. (Wharton's Criminal Law, sec. 984 y véase también People vs. Hertz, 105 Cal. 663.)"

[4] Otro motivo que se alega de error en la apreciación de la prueba, fué que no se identificaron los acumuladores. Aunque aparece de la evidencia que la misma clase de objetos podía obtenerse en plaza, es lo cierto que los que tenía en su almacén de depósito la Insular Motor Corporation y. de donde fueron sustraídos, se les había marcado con un sello de acero y se les marcaba por orden correlativo, apareciendo que los acumuladores encontrados en poder del acusado correspondían a los Nos. 285 y 286 con que se habían marcado por la Insular Motor Corporation, quedando así identificados.

La corte inferior llegó a una conclusión correcta apreciando en conjunto todas las circunstancias, *y la sentencia apelada, por tanto, debe confirmarse.*