EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
FELIPE ALVAREZ, acusado y apelante.

No. 3178.—*Visto:* Diciembre 1, 1927. *Resuelto:* Enero 10, 1928.

1. CARRETERAS—REGLAMENTACIÓN Y USO PARA EL TRÁNSITO—USO DE LA CARRETERA Y LEY DEL CAMINO—DELITOS EN GENERAL.—Cuando no se trata de un caso de emergencia o de seguridad por parte del que guía un carro de que la carretera esté libre, éste actúa sin tomar las precauciones debidas cuando lo conduce por la izquierda de una carretera, especialmente al tomar una curva.

2. DERECHO PENAL—EVIDENCIA—CONOCIMIENTO JUDICIAL, PRESUNCIONES Y PESO DE LA PRUEBA—CONOCIMIENTO JUDICIAL—EN GENERAL. — El Supremo no puede tomar conocimiento de que generalmente exista la práctica de si unos carros corren lentamente al bajar una pendiente mientras los que suben lo hacen más rápidamente ni puede asumir que no se varió la misma en un caso dado.

3. DERECHO PENAL—EVIDENCIA—PESO Y SUFICIENCIA—EN GENERAL.—Si bien en

algunos casos una relación consistente hecha por los testigos de cada parte tal vez provoque una ligera sospecha durante la vista, sin embargo, cuando los hechos son simples, el ser estrictamente consistentes las declaraciones de los testigos no debe causar gran sorpresa en la mente del juez sentenciador.

4. Derecho Penal—Evidencia—Testimonio de Cómplices y Co-acusados—Admisibilidad del Testimonio—Declaración de Cómplices.—El hecho de que un testigo pueda ser cómplice del acusado no implica que su declaración deba excluirse en la vista contra éste; sólo se requiere que sea corroborada suficientemente.

5. Derecho Penal—Partícipes en los Crímenes—Cómplices en General—Intención Común.—Cuando dos personas no son culpables de la comisión del mismo delito, y cada uno de ellos, de ser culpables, lo son de haber cometido cada uno un acto delictivo independiente, ellos no son cómplices y menos en ausencia de indicio alguno de una intención común.

Sentencia de *E. S. Mestre,* J, (Aguadilla), condenando al acusado por infracción al Art. 328 del Código Penal. *Confirmada.*

*Buenaventura Esteves,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

De acuerdo con el artículo 328 del Código Penal todo conductor de un vehículo de motor o de cualquier otro vehículo movido por fuerza, que negligentemente lo dejase o hiciese chocar causando daño a otra persona, es culpable de un delito. El apelante y José García Carbonell conducían sus automóviles por la carretera escarpada que se dirige a Aguadilla y sus automóviles chocaron. Durante la vista de este caso cada uno de ellos imputaba la culpa al otro, e insistían en que el otro estaba al lado indebido de la carretera.

[1] El apelante alega que no se demostró que él actuara con imprudencia temeraria y descuido. Sin embargo, una persona actúa sin tomar las precauciones debidas cuando camina por la izquierda de una carretera, especialmente al tomar una curva, como ocurrió en el caso que tenemos a la vista. Desde luego, no estamos considerando las actuaciones de una persona en casos de emergencia, o cuando la persona que guía está segura de que la carretera está libre. De creerse la prueba de El Pueblo, demostraba que Carbo-

nell procedió con el debido cuidado mientras que el acusado no lo hizo así.

[2, 3] Durante la vista de este caso, así como en su alegato, el apelante trata de convencernos de que la prueba fué apreciada erróneamente por la corte. Insiste en que en esta altura escarpada, cerca de Aguadilla, los carros que bajan la pendiente èstán obligados a correr lentamente, mientras que los que suban caminan con mucha más rapidez. Puede ser que en algunas ocasiones los carros que suban la pendiente corran con más rapidez y que los carros que van bajando generalmente tengan que hacer uso de la segunda, según se alega. Pero esta corte no puede tomar conocimiento judicial de que generalmente existe tal práctica ni podemos asumir que no se varió la misma en el presente caso. Incumbía a la corte determinar a qué grupo de testigos debía darse crédito y no vemos razón alguna para intervenir con la discreción de la corte inferior. De igual modo, si bien en algunos casos una relación consistente hecha por los testigos de cada parte tal vez provoque una ligera sospecha durante la vista, sin embargo, cuando los hechos son simples como en este caso, el ser estrictamente consistentes las declaraciones de los testigos no debe causar gran sorpresa en la mente del juez sentenciador. Nada hay que indique que las declaraciones de los testigos fueran fabricadas. Tampoco hallamos nada que distinga el presente de un caso corriente en que hay conflicto de prueba.

[4] Se señala como error el haberse permitido a Carbonell que declarara contra el acusado. El caso fué visto originalmente en la corte municipal, donde tanto Carbonell como el apelante fueron acusados de infracción al artículo 328 del Código Penal. El apelante alegaba que Carbonell era un cómplice.

Aun suponiendo que Carbonell fuera tal cómplice, no obstante, no debe excluirse la declaración de un cómplice en

la vista de un caso, sino que su declaración debe ser corroborada. En este caso hubo amplia corroboración.

[5] Quizá una de las dificultades en este caso es que el acusado y Carbonell no eran culpables de la comisión 'del mismo delito; cada uno de ellos, de ser culpable, había cometido un acto delictivo independiente. No hay indicio de una intención común y difícilmente podría pensarse en que ellos eran cómplices.

El mero hecho de que se acuse a una persona de un delito conjuntamente con otra, no le convierte *ipso facto* en un cómplice. Creemos, teniendo en cuenta la presunción de honestidad que existe, que a quienquiera que confíe en el hecho de que otra persona es un cómplice incumbe probar tal hecho.

*No hallamos que se haya cometido error y la sentencia apelada debe ser confirmada.*