EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EPIFANIO PÉREZ, acusado y apelante.

No. 4763.—*Sometido:* Junio 10, 1932. *Resuelto:* Julio 12, 1932.

*José L. Márquez,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Epifanio Pérez fué denunciado en la Corte Municipal de Aguadilla porque "en uno de los días de julio de 1931 y en la calle Nueva de Aguadilla, P. R., del Distrito Judicial Municipal de Aguadilla, P. R., que forma parte del distrito judicial del mismo nombre, . . . ilegal, voluntaria y maliciosamente y con la intención criminal de lucrarse en su propio beneficio y para impedir que su propio dueño volviera a poseerlas, compró en 50¢ de los niños menores de 18 años de edad, Felipe Rivera y Andrés Cortés, las siguientes prendas que habían sido robadas a la señora Belén Laguer por dichos niños: una pulsera de oro valorada en $50; dos medallas de oro valoradas en $10 y una cajita conteniendo varios collares, valorados en $5; todo esto, sabiendo el aquí acusado, que dichas alhajas habían sido robadas por los niños ya mencionados. Las alhajas se ocuparon y se ponen a la disposición de la Hon. Corte como evidencia."

La corte municipal declaró culpable al acusado. Apeló éste para ante la corte de distrito y celebrado el juicio de nuevo fué condenado a sufrir cuatro meses de cárcel. Apeló

**para** ante este tribunal señalando en su alegato la comisión de dos errores.

■ Por el primero sostiene que la denuncia no imputa un delito público, porque no describe la cosa mueble comprada o recibida con detalles suficientes que la individualicen. Cita a 17 R.C.L. 60.

Conocemos lo necesario de la denuncia. Los objetos se describen como una "pulsera de oro valorada en $50", etc. Al argumentar el error sólo se refiere el apelante a la pulsera. Creemos que la descripción es suficiente, de acuerdo con la autoridad citada por el propio apelante. Después de exponer los principios generales sobre la materia en la sección 60, dice R.C.L. en la sección 61:

"Sección 61.—Nombre del artículo hurtado.—La propiedad que se alega haber sido sustraída debe describirse por su nombre corriente y en las condiciones en que se hallaba al ser hurtada. La regla de procedimiento criminal adoptada en muchas jurisdicciones es que una acusación por el delito de hurto es suficiente, en lo que a la descripción de la propiedad sustraída se refiere, si se designa la cosa por el nombre génerico de la clase a que pertenece. Y es doctrina generalmente aceptada que en tales casos se puede obtener una sentencia condenatoria probando que se ha sustraído ilegalmente una cosa específica que pertenece claramente a esa clase. Sin embargo, se ha decidido que una acusación que alega el hurto de 'carne' no es suficiente, y que la clase determinada de la carne sustraída debe ser expresada. Un objeto que se alega haber sido hurtado puede ser descrito por el nombre específico por el cual se le conoce en el comercio, en las artes o en el negocio a que se le dedica." 17 R.C.L., 56.

Esta misma corte en el caso de *El Pueblo* v. *Garcés*, 36 D.P.R. 270, se expresó así:

"En segundo lugar se alega que no se describe en la acusación lo que significa el término 'acumuladores' que fueron los objetos comprados y que esto hace defectuosa la acusación.

"El vocablo 'acumulador' aunque en su origen tuvo un significado técnico, su uso se ha hecho corriente en el lenguaje vulgar, y su simple empleo en la acusación, sin más descripción, podía enterar enteramente al acusado de cuál era el verdadero objeto comprado, sin tener que entrar en otros detalles para así quedar definido."

█ El otro error se refiere a la insuficiencia de la prueba. Sostiene el apelante que lo es, porque no identifica las alhajas, porque el testimonio de los cómplices Rivera y Cortés no fué corroborado, porque no demuestra la intención de lucrarse por parte del acusado ni la de impedir que los verdaderos dueños de las prendas vuelvan a poseerlas.

Llama la atención realmente que manifestándose en la denuncia que las alhajas se ocuparon y se ponían a la disposición de la corte como evidencia, no se presentaran en verdad en el acto del juicio, manifestando la perjudicada Belén Laguer que no había podido recuperarlas. Pero ello no implica necesariamente falta de prueba. Es mejor y más claro presentar la propiedad en el juicio para ser identificada, pero no imprescindible. Y en cuanto a la dueña, si no la tiene ya y se ocupó realmente, puede exigir su entrega o la responsabilidad consiguiente si no se verifica.

Examinadas las declaraciones de la Sra. Laguer, de los muchachos Felipe Rivera, de trece años, y Andrés Cortés, de quince, y del policía Martínez, encuéntrase en ellas prueba bastante con respecto a que las prendas hurtadas y vendidas luego al acusado son las descritas en la denuncia.

█ La idea de que las declaraciones de los ''cómplices'' no fueron corroboradas surge de que uno de los muchachos, Rivera, manifestó que fué el propio acusado el que los mandó a cometer el hurto. El otro muchacho, Cortés, narra los hechos de distinto modo. Dice que Rivera penetró en la casa y salió con una cajita de prendas diciendo que se las había encontrado, que se las dió y él se las vendió al acusado en sesenta centavos.

Rivera y Cortés fueron juzgados separadamente por el hurto y enviados a la Correccional de Mayagüez. Uno de los testigos de cargo fué el propio acusado. Esta causa se siguió independientemente por el delito previsto y castigado en el artículo 438 del Código Penal. Una situación seme-

jante surgió en el caso de *El Pueblo* v. *Maceira*, 40 D.P.R. 700 y esta corte dijo:

"El artículo 438 de nuestro Código Penal es perfectamente claro. La compra o la recepción de cosas muebles hurtadas, a conciencia de tal condición, constituyen un delito independiente del de hurto. Y en ese sentido los menores que en el juicio declararon no son cómplices."

La prueba de la intención del acusado es clara. Prescindiendo de la declaración de Rivera y partiendo de la base de que al acusado no le constara directamente que los objetos habían sido hurtados, es suficiente para demostrarla el hecho de que valiendo más de sesenta dólares, los compró por sesenta centavos a unos muchachos de 13 y 15 años de edad, de acuerdo con lo dispuesto en el propio artículo 438 del Código Penal y lo resuelto por la jurisprudencia. Estamos enteramente conformes con los razonamientos y conclusiones del juez de distrito al dictar su sentencia en corte abierta, a saber:

"La Corte cree que la prueba de cargo en este caso es concluyente y terminante al objeto de probar el delito imputádole a este acusado, reforzada dicha prueba en parte por la propia declaración del acusado. Respecto del conocimiento que pudiera tener del origen de estas prendas el acusado, éste hay que deducirlo, como dice el propio estatuto, por la edad de los comisores del hurto que le fueron a vender dichas prendas al acusado, uniéndose a esta circunstancia la del precio irrisorio pagado a estos niños por el acusado a trueque de las prendas objeto del hurto. Este es un delito de los más reprobables, porque no es el hecho de adquirir bienes muebles pertenecientes a otra persona—como dice el estatuto—con el fin de impedir que el dueño vuelva a poseerlos o con el fin de lucrarse el acusado, sino que se comete el delito a través de la corrupción de niños menores de edad, lo que es, más que un delito, un verdadero crimen social."

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.