EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL MORALES MORALES, acusado y apelante.

*Número:* CR-65-83 *Resuelto:* 18 de marzo de 1966

*Edna Abruña Rodríguez,* abogada del apelante; *J. B. Fernández Badillo, Procurador General,* y *Nilita Vientós Gastón, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

El apelante, Rafael Morales Morales y Diego Rivera Rivera, fueron acusados del delito de escalamiento en primer grado. Señalado el caso para el día 8 de octubre de 1963 compareció Rivera pero no el apelante. En esta ocasión el fiscal informó al tribunal de instancia que usaría al coacusado

Rivera como testigo de cargo por lo que solicitó se le concediera inmunidad y así se dispuso en la sentencia(1) que ordenó el archivo y sobreseimiento de la causa en su contra.

Visto el caso del apelante ante jurado, fue declarado culpable y sentenciado a la pena de uno a cinco años de presidio con trabajos forzados.

Apunta el apelante que el tribunal de instancia erró al determinar que principal testigo de cargo, Diego Rivera Rivera, no era un cómplice del apelante y que no era necesario que su testimonio fuese corroborado con otra prueba, según lo exige la Regla Núm. 156 de las de Procedimiento Criminal,(2) y al no permitir que la defensa interrogara a éste sobre si había mediado promesa de inmunidad a su favor.

 Debemos determinar, en primer lugar, las circunstancias bajo las cuales una persona se considera como un cómplice. En *Pueblo* v. *Rodríguez Hernández*, 91 D.P.R. 183 (1964), dijimos que "A los fines de la necesidad de prueba de corroboración hemos indicado que cómplice es aquél que con pleno conocimiento y voluntariamente—sin que medie coacción —, de su libre albedrío e intencionalmente, participa en alguna forma en la comisión de un delito, pu-

---

(1) La sentencia en cuestión dice así:

"En el día de hoy señalado para la vista de este caso, comparecieron el acusado en persona y asistido de su abogado el Lcdo. Orlando J. Muñiz y El Pueblo de Puerto Rico por su Fiscal Hon. Manuel Bird Zalduondo.

"El Ministerio Público le informó al Tribunal que usará al acusado Diego Rivera Rivera como testigo de cargo en la causa que se sigue contra Rafael Morales Morales por estos mismos hechos, por lo que la defensa solicita inmunidad para el mismo.

"El Tribunal le concede inmunidad al acusado Diego Rivera Rivera y ordena el ARCHIVO Y SOBRESEIMIENTO de la causa que contra él se sigue por Escalamiento en Primer Grado.

"Humacao, Puerto Rico, a 8 de octubre de 1963."

(2) La referida Regla 156 de las de Procedimiento Criminal lee así:

"No procederá la convicción por la sola declaración de un cómplice a no ser ésta corroborada por alguna otra prueba que por sí misma, y sin tomar en consideración la declaración del cómplice, tienda a demostrar la relación del acusado con la comisión del delito. Esta corroboración no será suficiente si probare solamente la perpetración del delito o las circunstancias del mismo."

diendo por tanto, procesársele por el mismo. En otras palabras, es esencial que el cómplice esté sujeto a ser encausado por el mismo delito que la persona acusada." El hecho de que la participación de la persona sea pasiva en forma alguna lo releva de su responsabilidad. *Pueblo* v. *Aponte González*, 83 D.P.R. 511, 519 (1961). Además, el que se acuse a una persona de un delito conjuntamente con otra no la convierte *ipso facto* en cómplice. *Pueblo* v. *Álvarez*, 37 D.P.R. 578 (1928); VII Wigmore *On Evidence*, 3ra. ed., sec. 2060, pág. 339.

Veamos si a la luz de los hechos del caso, según se desprenden del récord, se justifica o no la conclusión del tribunal de instancia de que Rivera no fue un cómplice del apelante.

En la vista del caso contra Morales declaró en primer lugar un empleado del negocio escalado. Manifestó que el apelante y Rivera habían estado en el negocio como a las nueve de la noche; que habían comprado unas raciones de pescado y se habían marchado; que luego vio al acusado en otro negocio de la localidad. Declaró, además, que a la mañana siguiente le avisaron que el negocio donde trabajaba había sido escalado; que efectivamente al llegar al sitio notó que faltaba el dinero de la vellonera y cigarrillos y que unas ventanas habían sido violentadas.

El testimonio de Rivera fue al efecto de que el día 8 de marzo de 1963, entre las siete y siete y media de la noche, mientras se encontraba en la plaza de recreo de Río Piedras, el acusado le ofreció $7.00 para que lo llevara al negocio de Corcino en la playa de Naguabo. Al llegar al sitio entraron al negocio de Corcino. Allí el apelante compró dos pescados, un café y una cerveza. El testigo sólo se tomó ésta. Luego el acusado le pidió que lo llevara a casa de una tía. Luego a casa de otra tía. Le pidió que lo esperara y que le pagaría $7.00 adicionales por llevarlo otra vez a Río Piedras. La entrada a la casa de esta tía quedaba cerca del negocio de Corcino; que el acusado se bajó del automóvil con un maletín y entró

por un callejón; que el acusado le dijo que el maletín contenía herramientas y que lo esperó como a cincuenta pies del negocio de Corcino. Que al regresar el acusado notó que traía consigo tres paquetes y menudo en los bolsillos. Luego le pidió que lo llevara de regreso a Río Piedras.

En su examen directo, Rivera omitió ciertos detalles como el que el acusado al regresar al automóvil tenía los bolsillos llenos de dinero en menudo. El fiscal entonces lo confrontó con la declaración jurada que dicho testigo prestó durante la investigación y es entonces que tal hecho admite. En ese extremo el fiscal impugnó su propio testigo. La declaración fue admitida en evidencia y la tuvo ante sí el jurado durante las deliberaciones. A continuación copiamos la parte pertinente de la misma.

"Que el día 8 de marzo de 1963 y como a las nueve y media de la noche yo llegué al negocio de Corcino, en la Playa de Naguabo, con Rafael Morales Morales. Que entramos a dicho negocio y él compró dos pescados, o sea, dos servicios de pescados y nos tomamos una cerveza. Que el carro lo guiaba yo. Yo no soy chófer autorizado. Que el carro es de Aracelio Méndez Vega, residente en la Calle Arzuaga Número 1, Río Piedras, P.R. Que después que compramos el pescado nos fuimos. Que él andaba con unas herramientas dentro de un maletín, no vi las herramientas . . . . Que luego, como a la una de la madrugada volvimos a dicho negocio y yo estacioné el carro frente a este negocio de Corcino. Que Rafael se apeó del carro con un maletín conteniendo las herramientas. Que yo vi que él cogió por la parte de atrás del negocio. Que como a la hora después Rafael salió del negocio con unos paquetes conteniendo cigarrillos y además tenía los bolsillos llenos de menudo. Que entonces él me dijo 'vámonos ahora'. El no me dijo lo que había hecho. Que entonces lo llevé hasta el barrio Obrero, Villa Palmeras, por donde él vive. Que allí lo dejé cerca del Bar Carmelita y entonces yo me fuí. Que él me pagó $7.00 por traerlo de Santurce a la playa de Naguabo y llevarlo. Que él me dejó una caja de cigarrillos en el carro, marca Chesterfield."

El testimonio del apelante se limitó a que nunca había estado "en la playa de Humacao", ni aun el día de los hechos

imputados; que nunca antes había visto al testigo Rivera ni al primer testigo; que vive en el Anexo de Miramar que es una institución para delincuentes jóvenes. Dijo que "Estoy allí por Hurto Mayor", cumpliendo de 2 a 5 años; que va a cumplir 19 años.

■ La prueba aducida en este caso según la acabamos de resumir, demuestra que Rivera sólo rindió un servicio de transportación mediante paga al conducir al apelante desde Río Piedras a distintos sitios en la playa de Naguabo, inclusive a casa de una tía, cerca del establecimiento que el apelante escaló, donde Rivera lo esperó y de donde lo llevó a su vivienda en Santurce. Ni esta gestión, ni el hecho de su acusación por el mismo delito, justifican concluir que participó en la comisión del delito. A los efectos de establecer tal participación, no aparece con razonable claridad del testimonio aducido que (1) Rivera conociera anticipadamente, o en alguna forma fuera parte del, propósito o plan del apelante de realizar el escalamiento en cuestión o de que (2) recibiera parte alguna del botín obtenido con conocimiento de su prodencia, pues no puede concluirse que los $14.00 que recibió específicamente por el servicio de transportación de Naguabo a Santurce y regreso, a altas horas de la noche y la cajetilla de cigarrillos que el apelante dejó en el vehículo, constituyeron la parte de Rivera del producto del escalamiento. La declaración jurada de este testigo se presentó sólo con el propósito de impugnar su testimonio de que al regresar el apelante al vehículo no vio nada más que tres paquetes. Luego de considerar su declaración, Rivera aclaró que el apelante "Tenía bastante menudo". Aunque los hechos expuestos en dicha declaración no pueden constituir base para sostener que Rivera era un cómplice pues se usó la declaración sólo con el objeto de impugnar el testimonio del testigo—cf. *Pueblo* v. *Martínez Díaz*, 90 D.P.R. 467 (1964), y *Pueblo* v. *Martell Cajigas*, 88 D.P.R. 636 (1963),—convenimos con el tribunal de instancia que los hechos expuestos en la declaración, en el

caso que su admisión no hubiese estado limitada en la forma indicada, tampoco establecen la complicidad de Rivera.

Ni el testimonio de los testigos ni la referida declaración demostraron que Rivera tuviera *pleno conocimiento* de las actuaciones ilícitas del apelante y mucho menos que *voluntaria, libre e intencionalmente participara* en las mismas ni de sus frutos. El hecho de que se le acusara del delito de por sí no lo podía constituir en cómplice. Entendemos que la frase "sujeto a ser encausado" que usamos en *Rodríguez Hernández,* supra, no puede interpretarse literalmente, pues es concebible que cualquier persona en circunstancias más o menos sospechosas, puede ser encausado. El encausamiento que puede dar base a que el testigo se constituya en cómplice necesariamente debe ser aquél que tiene un fundamento mayor que la mera sospecha del ministerio público. El récord no revela que la acusación de Diego Rivera Rivera estuviese basada en algo más que la sospecha de su culpabilidad derivada por el fiscal del hecho de que Rivera condujo, mediante paga, el vehículo en que viajó el apelante. Por lo tanto no se justifica concluir que por el hecho de ser acusado Rivera fue cómplice del apelante.

*Por las razones expuestas, debe confirmarse la sentencia dictada en este caso por el Tribunal Superior, Sala de Humacao, en 23 de enero de 1964.*

El Juez Asociado Señor Rigau emitió una opinión concurrente.

El Juez Dávila disintió en opinión en la cual concurren los Jueces Asociados Señores Belaval, Hernández Matos y Santana Becerra.

—O—

Opinión concurrente del Juez Asociado Señor Rigau

San Juan, Puerto Rico, a 18 de marzo de 1966

Lo esencial que la evidencia probó en este caso, en relación con el punto de si el testigo Rivera era cómplice o no, es

que el acusado-apelante contrató al conductor Rivera para que mediante el pago de $7.00 lo llevase de Río Piedras a la Playa de Naguabo y que luego de visitar el negocio de Corcino, donde el apelante compró algunas cosas, éste solicitó de Rivera que lo llevase a la casa de una tía suya (del apelante). Luego fueron a casa de otra tía del apelante. Allí el apelante le pidió al conductor Rivera que lo esperase para que mediante el pago de $7.00 adicionales lo volviese a llevar a Río Piedras y se bajó del automóvil y se internó por un callejón. Pasado algún tiempo el apelante apareció, se subió al carro y solicitó de Rivera que regresase a Río Piedras.

La prueba no hace un cómplice del testigo Rivera. No hay prueba de que el conductor Rivera sabía lo que el apelante iba a hacer (antes de éste hacerlo) o lo que había hecho (después de hacerlo). Creo que si el testigo Rivera hubiese sido procesado y convicto a base de la evidencia que tenemos ante nosotros, este Tribunal lo hubiese absuelto por falta de prueba.

Creo necesario señalar que, cuando se trata de determinar quién es cómplice, las frases que el testigo "pueda ser encausado" o que "se le pueda procesar" u otras análogas, para significar que quién "puede ser encausado" es cómplice, no pueden ser tomadas literalmente pues es concebible que cualquier testigo puede ser procesado o encausado (aunque luego salga absuelto). Las citadas frases lo que indican es que si el testigo es cómplice, puede o podría ser encausado con éxito. Lo que realmente determina si un testigo es cómplice o no, es la prueba ante el tribunal. Lo que no sea mirar la prueba, sino dejarse llevar por verbalizaciones más o menos felices, es fallar a base de observar la sombra de las cosas y no las cosas mismas.

Lo planteado en este caso, como en casi todos, es controvertible. Si estiramos la imaginación hasta donde alcanza podemos llegar a casi cualquier resultado. Estoy de acuerdo con la opinión mayoritaria porque creo que es la que real-

mente administra justicia rectamente en este caso. Esa, y no otra, es la función de los tribunales.

—O—

Opinión disidente emitida por el Juez Asociado Señor Dávila

San Juan, Puerto Rico, a 18 de marzo de 1966

La opinión de la mayoría hace una exposición correcta de la interpretación que le hemos dado a la regla que requiere que el testimonio de un cómplice sea corroborado. La relación de la prueba es esencialmente correcta. Pero no podemos estar de acuerdo con la interpretación que la mayoría le da a esa prueba al aplicar la regla que requiere la corroboración del testimonio de un cómplice.

Es necesario antes de considerar la prueba presentada para determinar si el apelante es un cómplice, consignar lo ocurrido antes de la vista del presente caso en el tribunal de instancia.

El apelante y el único testigo que lo incriminó fueron acusados conjuntamente. La acusación exponía que "los referidos acusados Diego Rivera Rivera y Rafael Morales Morales, allá para el 8 de marzo de 1963 y en la municipalidad de Naguabo . . . ilegalmente penetraron durante las horas de la noche, en la casa-negocio 'Corcino's Sea Food' . . . con la intención de cometer, como cometieron, hurto."

De la minuta correspondiente al 20 de mayo de 1963 aparece que en ese día "se le dio lectura a la acusación en cuanto al acusado Diego Rivera Rivera y el acusado hizo alegación de inocente y solicitó juicio por jurado." Se señaló la vista del caso para el 7 de agosto siguiente. En cuanto al otro acusado, aquí apelante, Rafael Morales Morales, se hizo constar que no había constancia de haber sido citado y se señaló el acto de la lectura de la acusación para el 5 de julio entrante.

El 3 de julio se dio lectura a la acusación contra el aquí apelante y el juicio se señaló.para el 7 de agosto. En ese día, a solicitud del acusado Morales, representado por la abogada Juanita Treviño, se suspendió la vista del caso para el 8 de octubre. El coacusado Rivera y su abogado quedaron citados y notificados de este señalamiento.

El 8 de octubre compareció el coacusado Rivera asistido de su abogado y el otro acusado no compareció pero estuvo en sala su abogada. De la minuta surge que el Ministerio Público le informa al Tribunal que usará al coacusado Diego Rivera como testigo de cargo contra Rafael Morales Morales y la defensa solicita entonces del Tribunal que se le conceda inmunidad a Rivera. Aparece entonces en el expediente la sentencia dictada en ese caso contra Rivera Rivera y que lee así:

"En el día de hoy señalado para la vista de este caso, comparecieron el acusado en persona y asistido de su abogado el Lcdo. Orlando J. Muñiz y El Pueblo de Puerto Rico por su Fiscal Hon. Manuel Bird Zalduondo.

"El Ministerio Público le informó al Tribunal que usará a el acusado Diego Rivera Rivera como testigo de cargo en la causa que se sigue contra Rafael Morales Morales por estos mismos hechos, por lo que la defensa solicita inmunidad para el mismo.

"El Tribunal le concede inmunidad al acusado Diego Rivera Rivera y ordena el Archivo y Sobreseimiento de la causa que contra él se sigue por Escalamiento en Primer Grado.

"Humacao, Puerto Rico, a 8 de octubre de 1963."

Así, se dictó sentencia en el caso seguido contra Rivera, decretándose el archivo y sobreseimiento del mismo.

En *Pueblo* v. *Rodríguez Hernández,* 91 D.P.R. 183 (1964) reiteramos que "a los fines de la necesidad de prueba de corroboración hemos indicado que cómplice es aquél que con pleno conocimiento y voluntariamente—sin que medie coacción—de su libre albedrío e intencionalmente, participa en alguna forma en la comisión de un delito, pudiendo por tanto, procesársele por el mismo. En otras palabras, es esencial que el

cómplice esté sujeto a ser encausado por el mismo delito que la persona acusada . . ."

Ciertamente Rivera estaba sujeto a ser encausado por el mismo delito que el aquí apelante. La declaración de Rivera durante el juicio, así como la prestada ante el fiscal y que fuera admitida en evidencia, establecen que éste participó en los hechos que dieron base a la acusación contra el aquí apelante. En la declaración jurada afirma que "como a la una de la madrugada volvimos a dicho negocio y yo estacioné el carro frente a este negocio de Corcino. Que Rafael se apeó del carro con el maletín conteniendo las herramientas. Que yo vi que él cogió por la parte de atrás del negocio. Que como a la hora después Rafael salió del negocio con unos paquetes conteniendo cigarrillos y además tenía los bolsillos llenos de menudo." Si la declaración jurada fue admitida en evidencia y fue considerada por el jurado al deliberar, no vemos cómo pueda justificarse prescindir de ella para determinar si el testigo era un cómplice no no.

La declaración de Rivera lo complicaba en el delito que se alega cometió el apelante. Justificaba que el fiscal lo acusara. Eso es todo lo que se requiere para que surja la necesidad de que la declaración sea corroborada. Como reiteramos en *Pueblo* v. *Rodríguez Hernández*, supra, ". . . cómplice es aquél que con pleno conocimiento y voluntariamente, participa en alguna forma en la comisión de un delito, pudiendo por tanto procesársele por el mismo." De la declaración de Rivera clara y razonablemente se infiere que participó con el apelante. En primer lugar, no es un conductor autorizado y no se dedica a conducir automóviles mediante paga. Explica que esa noche lo hizo porque necesitaba dinero. En hora intempestiva, a la una de la madrugada lo conduce en un automóvil frente a un negocio cerrado. Su compañero, se desmonta del vehículo con un maletín conteniendo herramientas y se dirige hacia la parte de atrás del negocio. Lo espera hasta que regresa con unos paquetes y los bolsillos llenos de menudo. Los

otros requisitos apuntados al efecto de que participó en alguna forma, voluntariamente en la comisión del delito están asimismo establecidos. El hecho de que su participación fuera pasiva en forma alguna lo releva de responsabilidad. *Pueblo v. Aponte González*, 83 D.P.R. 511, 519 (1961).

No hay duda que el testigo pudo ser encausado por el mismo delito que se encausó al apelante. De hecho lo fue. Es luego de habérsele leído la acusación y de señalarse el caso para vista que el fiscal pide el archivo y sobreseimiento de la causa. Es entonces que la defensa expone como condición que se le dé inmunidad y a esos efectos se dicte sentencia por el tribunal. Si bien es verdad que "el mero hecho de que se acuse a una persona de un delito conjuntamente con otra, no lo convierte *ipso facto* en un cómplice", *Pueblo v. Álvarez*, 37 D.P.R. 578 (1928); VII Wigmore *On Evidence*, § 2060, pág. 339 (3ra. ed. 1940), el haber sido acusado y haberse dictado sentencia archivando la causa y concediéndole inmunidad, indudablemente sirve en el presente caso para fortalecer la conclusión de que el testigo es un cómplice.

Siendo el testigo Rivera un cómplice, su testimonio tenía que ser corroborado según lo requiere la Regla 156 de las de Procedimiento Criminal de 1963. No lo fue. Y siendo ésta la única evidencia que establecía la responsabilidad del apelante, ya que la declaración del otro testigo de cargo sólo estableció el *corpus delicti*, lo que procede es revocar la sentencia y decretar su absolución.