EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ GUADALUPE RIVERA y EFRAÍN CARMONA DIEZ, acusados y apelantes.

Número 15411.

*Sometido:* 14 de julio de 1953.  *Resuelto:* 7 de agosto de 1953.

*José M. Cueto* y *Enrique Cuilan García,* abogados de los apelantes; *Hon. Secretario de Justicia José Trías Monge* y *Jaime García Blanco, Fiscal Especial, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del tribunal.

José Guadalupe Rivera y Efraín Carmona Diez fueron juzgados y convictos de hurto mayor en el anterior tribunal de distrito. Apelan de la sentencia que condenó a cada uno a sufrir la pena de uno a dos años de presidio. Sostienen en apelación (*a*) que el tribunal sentenciador no debió haber permitido que el dueño de los objetos hurtados declarara sobre el valor de los mismos sin ser un perito, y (*b*) que de los autos no surge suficiente evidencia al efecto de que dichos objetos valían $100 o más.

La acusación imputaba a los acusados haber hurtado del automóvil de Stewart G. Lewis tres gomas, tres aros de goma, dos tapabocinas y dos tapaguardalodos, valorados

en $136. Si el delito imputado hubiese sido hurto menor, no habría sido necesaria evidencia específica sobre el valor de estos objetos; como éstos tenían un valor intrínseco, el juez sentenciador tendría derecho a inferir que dichos objetos tenían algún valor tras una mera inspección de los mismos o tras la descripción hecha por los testigos. Pero una acusación de hurto mayor tiene que estar respaldada por alguna evidencia al efecto de que los objetos hurtados valían $100 o más. *Pueblo v. Galarza*, 60 D.P.R. 208; *Pueblo v. Delgado*, 50 D.P.R. 658; *El Pueblo v. Santiago*, 16 D.P.R. 469; artículos 427-29 del Código Penal, ed. 1937. Y la norma para determinar tal valor es el valor en el mercado, no el costo original, en la época y en el lugar en que se cometió el delito. *People v. Ciani*, 286 Pac. 459, 462 (Cal., 1930); *State v. McComas*, 295 Pac. 1011, 1013 (Mont., 1931); *People v. Simpson*, 79 P.2d 119 (Cal., 1938); *People v. Siderius*, 84 P.2d 545, 550 (Cal., 1938). Sin embargo, el costo original, si bien no concluyente, es pertinente y admisible en evidencia. A la par con otra evidencia y otras circunstancias, dicho costo original puede ayudar al juzgador de los hechos a fijar el valor exigido por el estatuto. *Filson v. Territory*, 67 Pac. 473 (Okla., 1901); *State v. McComas*, supra; *People v. Latham*, 110 P.2d 101 (Cal., 1941).

■ En el presente caso la única evidencia sobre el valor fué aportada por el dueño de los objetos hurtados, Stewart G. Lewis. Sobre este punto declaró lo siguiente: *"Fiscal:* (T. E. pág. 8) P.—Siéntese testigo. ¿Cuál es el valor de esos artículos que usted ha señalado? R.—Como ciento treinta y cinco dólares ($135). Hon. Fiscal: Nada más, señor Juez. *Defensa:*—(T. E. págs. 9 a 13) P.—¿Puede usted decirle al Hon. Tribunal por qué usted dice que todas esas gomas y esas ruedas valen alrededor de ciento treinta y cinco dólares? R.—Porque cada rueda con su goma valen de treinta y cinco a cuarenta dólares, y esas otras piezas que están ahí valen alrededor de diez dólares. P.—¿Compró usted esas gomas, esas tapabocinas y demás separadas del

carro, o vino todo eso con el carro cuando usted compró el carro? R.—Vino todo eso con el carro cuando yo compré el carro. P—¿En cuánto usted compró el carro? R.—En dos mil cien dólares ($2,100). P.—¿Le informaron a usted lo que costaba cada parte del carro? *Hon. Fiscal:* Objeción, señor Juez, a la pregunta, porque se le está pidiendo una información al testigo. *La Corte:* Con lugar. *Defensa:* P.—Le pregunto ahora, ¿sabe usted lo que costaba cada parte del carro cuando usted lo compró? R.—No señor. P.—¿Entonces cuando usted le dijo al tribunal que una goma le costó treinta y cinco pesos, no se refirió usted a estas gomas que están ahí en la corte? *Hon. Fiscal:* Objeción, señor Juez, a la pregunta: el testigo no dijo que le costó eso. *La Corte:* El testigo valoró en treinta y cinco o cuarenta dólares cada goma con el aro. Adelante. *Defensa:* P.—¿De dónde usted juzga, o en qué usted se basa para decir que cada goma tiene un valor de alrededor de treinta y cinco pesos? R.—Porque yo he comprado gomas antes. P.—¿Cuánto tiempo hace que usted compró gomas? R.—Como un año hace. P.—¿Usted sabe actualmente el costo en el mercado de las gomas y si el costo ha aumentado o ha disminuído en el mercado? R.—Yo diría que está más alto o es igual. P.—¿Usted vende gomas? R.—No señor. P.—¿Usted tiene negocio de compra y venta de gomas? R.—No señor. P.—¿Entonces por qué usted sabe que el mercado de gomas es más o menos igual actualmente que el año pasado? R.—Esa es mi idea: mi opinión. *Defensa:* Entonces que se elimine todo lo que se refiere al precio de las gomas, porque eso es una opinión del testigo. *La Corte: Sin lugar la eliminación. Se elimina eso de que en el mercado es el mismo precio. Pero no en cuanto al valor de las gomas, porque el testigo ha pagado gomas a ese precio. Defensa:* P.—¿De eso hace un año? R.—Hace un año. P.—¿Cuándo usted compró ese carro? R.—En noviembre de mil novecientos cincuenta y uno (1951). P.—¿Qué marca es? R.—Es un Chevrolet de mil novecientos cincuenta y uno (1951). P.—¿Las gomas que usted tenía

en su carro qué marca eran? R.—Eran 'Good Year' y 'Firestone'. P.—¿Pero usted no sabe la numeración de las gomas? R.—No señor. P.—¿Sabe usted cuánto cuesta un tapabocina? R.—De dos cincuenta a tres dólares. P.—¿Usted sabe cuánto cuestan los cubre guardalodos? R.—De nueve a diez dólares. P.—¿Usted ha comprado algunos? R.—No señor. P.—Entonces ¿en qué se basa usted para decir que pueden valer de nueve a diez pesos, si no los ha comprado usted nunca? R.—Esa es mi opinión. *Defensa:* Que se elimine la contestación, señor Juez. *La Corte:* Se elimina del récord." (Bastardillas nuestras.)

No podemos convenir en que el tribunal sentenciador cometiera error al permitirle a Lewis declarar en cuanto al valor de los objetos hurtados no empece el hecho de que Lewis no había cualificado como perito. En III Wigmore *on Evidence* (3ra. ed.) se dice a la pág. 48 que "Al *dueño de un objeto*, esté o no familiarizado con tales valores, ciertamente debe permitírsele estimar su valor; el peso de su testimonio (que a menudo sería de escaso valor) puede dejarse al jurado; y por lo regular los tribunales no han objetado esta política." Al mismo efecto, *Warren* v. *State*, 45 S.E.2d 726, 727–8 (Ga., 1947), donde se sostuvo una sentencia por hurto a base del testimonio del dueño al efecto de que "Yo creo que todo eso valdría aproximadamente $22"; *People* v. *Haney*, 126 Cal. App. 473, 475 (1932); *Caten* v. *Salt City Movers & Storage Co.*, 149 F.2d 428, 433 (C.A.2, 1945); *Shotwell* v. *Bloom*, 140 P.2d 728, 735 (Cal., 1943); *Brenton* v. *Sloan's United Storage & Van Co.*, 42 N.E.2d 945, 946 (Ill., 1942); véase *State* v. *Handler*, 50 P.2d 977 (Kans., 1935).

La única cuestión restante es si el testimonio en cuanto al valor fué suficiente para sostener la sentencia por hurto mayor. Lewis declaró que las gomas, los aros y los otros objetos valían como $135, a base de $35 a $40 cada aro con su goma y aproximadamente $10 los otros objetos. La corte sentenciadora eliminó el testimonio en cuanto al valor estimado de los tapabocinas y de los tapaguardalodos.

Sin embargo, el testimonio restante en cuanto al valor fué suficiente, por lo menos en cuanto a la cuantía, ya que Lewis declaró que las tres gomas y los aros valían de $105 a $120.

■ La jurisprudencia es al efecto de que "cuando un testigo declara en términos generales en cuanto al valor de un artículo de uso común, se asumirá que se refiere al valor en el mercado, a menos que de la declaración surja que el valor se basa en alguna otra consideración." *Carson* v. *State*, 236 Pac. 627, 628 (Okla., 1925) ; *Filson* v. *Territory*, supra; *Johnson* v. *State*, 83 S.W. 651, 653 (Ark., 1904). Creemos que esta regla es aplicable al testimonio de Lewis. Éste no declaró que ninguna goma en particular le había costado $35 ó $40; más bien, dijo que cada goma con su aro valía de $35 a $40. Y, como hemos visto, tiene derecho a dar su opinión en cuanto al valor, basada en su experiencia como dueño. El juez sentenciador aparentemente entendió que el testigo declaraba en cuanto al actual valor en el mercado, y no solamente en cuanto al costo de las gomas cuando éstas se compraron; el juez sentenciador correctamente indicó que "el testigo valoró en treinta y cinco o cuarenta dólares cada goma con el aro." Es cierto que la corte sentenciadora dijo posteriormente, al resolver una moción eliminatoria, que "el testigo ha pagado gomas a ese precio." Pero toda vez que Lewis declaró que él no había comprado estas gomas específicas separadas del automóvil, el juez, al hacer esa manifestación, aparentemente se refería a la anterior experiencia del testigo.

■■ Si el testigo hubiera declarado que él había comprado las gomas y aros por $35 ó $40 cada uno y éste fuera el único testimonio en los autos en cuanto al valor de los objetos robados, convendríamos con los acusados que estaríamos constreñidos a revocar la sentencia condenatoria por insuficiencia de prueba. Ni el costo original ni el de reposición pueden usarse aquí como la única norma de valor; así hacerlo equivaldría a hacer caso omiso de la depreciación en el valor de las gomas y los aros debido al uso. *Reed* v. *Com-*

*monwealth*, 25 S.W.2d 77 (Ky., 1930). Pero creemos que los autos demuestran a satisfacción que el testigo hablaba del valor en el mercado, y no del precio que él pagó por los objetos hurtados. Y testimonio del valor en el mercado, si no es controvertido y si la corte sentenciadora lo cree, es suficiente para sostener una convicción de hurto mayor. *Taylor v. Commonwealth*, 42 S.W.2d 309 (Ky., 1931); *Luker v. State*, 125 So. 788 (Ala., 1930); *Johnson v. State*, 82 S.W.2d 521 (Ark., 1935); *Carson v. State*, supra.

*La sentencia del anterior tribunal de distrito será confirmada.*