EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN BONILLA FIGUEROA, acusado y apelante.

*Número:* 17008. *Resuelto:* 28 de julio de 1961.

*Angel Viera Martínez,* abogado del apelante; *J. B. Fernández Badillo, Procurador General de Puerto Rico, Arturo Estrella, Procurador General Interino, Nilita Vientós Gastón, Procurador General Auxiliar,* abogados de El Pueblo, apelado.

Sala integrada por el Juez Asociado señor Santana Becerra, como Presidente de Sala, y los Jueces Asociados señores Rigau y Dávila.

PER CURIAM: Se procesa al acusado por haber hurtado una maquinilla del Negociado de Contribuciones Sobre Ingresos. El día de los hechos por los cuales se le juzga, el acusado, según la prueba presentada por el fiscal, única que desfiló ante jurado, subió haciendo uso del ascensor, al quinto piso donde están localizadas las Oficinas del Negociado de Contribuciones Sobre Ingresos, en el Edificio de la New York Department Store en Santurce, a eso del mediodía, cuando los empleados del Negociado estaban en el receso de la hora del almuerzo. El acusado prestaba servicios a una firma que suple de impresos a dicho Negociado y acostumbraba llevar muestras para

ser cotejadas con los originales antes de hacer la impresión definitiva. En el día de los hechos el acusado subió con una caja de cartón que sostenía con una de sus manos, y a los ocho o diez minutos tomó el mismo ascensor, con la caja a que hemos aludido, pero esta vez para cargarla usó sus dos manos y la reclinó sobre el abdomen. Abandona el ascensor en el primer piso luego de cambiar unas palabras con uno de los empleados del Negociado que estaba esperando el ascensor y desaparece, para al poco rato volver a tomar el ascensor para dirigirse al Negociado, esta vez con unos impresos a que antes hemos hecho referencia.

Al entregar los impresos manifiesta que tiene prisa y no puede esperar a que se lleve a cabo el cotejo. Al darse el aviso para reanudar la labor a la una de la tarde una de las oficinistas se da cuenta que ha desaparecido una maquinilla de escribir eléctrica. Se hace una investigación y se comunica lo sucedido a las autoridades pertinentes. Al siguiente día, un detective se comunica con el acusado y le informa que está investigando la desaparición de una maquinilla del Negociado de Contribuciones Sobre Ingresos. En el cuartel de la policía el acusado le relata al detective que efectivamente, el día antes, cuando llegó al quinto piso para llevar a la oficina unas formas de planillas "notó que un muchacho venía con una maquinilla, que al llamarle la atención al muchacho el muchacho puso la maquinilla en el piso, cogió por las escaleras, las escaleras regulares del edificio, y desapareció; entonces él, en vista de que esa maquinilla estaba allí en el piso pues en una caja de cartón que llevaba en la mano echó la maquinilla y decidió guardarla hasta que apareciera su dueño." Cuando se le pregunta dónde estaba la maquinilla, informa que en su casa. Van allá a buscarla pero al acercarse a su residencia el acusado le pide al policía "que lo esperara a un bloque o bloque y medio de su casa porque él no quería que su esposa, los niños o los vecinos se enteraran de nada que estuvieran investigando en relación con él."

La maquinilla que el acusado entregó a la policía era la misma que se había desaparecido del Negociado de Contribuciones Sobre Ingresos.

Esa es la prueba que consideró el jurado antes de declararlo culpable. El juez le impuso una pena de uno a dos años de presidio con trabajos forzosos.

Para sostener su recurso el apelante apunta cuatro errores. El primero imputa al juez de instancia, que preguntó con frecuencia a los testigos de cargo e hizo comentarios impropios al desfilar la prueba invadiendo la función del jurado y privando al apelante de un juicio imparcial o justo. El segundo señala que el fiscal comentó el silencio del acusado, sin que el tribunal rechazara vigorosamente su comentario. El tercero se refiere a que se permitió que el valor del objeto sustraído se estableciera mediante el testimonio de un testigo que no cualificaba como perito en esta materia. El cuarto y último sostiene que el veredicto y la sentencia son contrarios a la prueba.

██ En cuanto al primer error hemos examinado detenidamente todo lo sucedido durante el juicio y hemos estudiado cuidadosamente la prueba que desfiló ante los señores del jurado. No creemos que las actuaciones y comentarios del juez, que el apelante señala como perjudiciales a su causa, hallan podido ejercer efecto adverso en el jurado. Claramente, el juez no intervino más allá de lo que intervienen los jueces que presiden las causas criminales. Nada hay que demuestre que el acusado sufriera perjuicio alguno con las intenciones del magistrado. Es claramente injusto para con un juez que preside una causa criminal, citar aisladamente incidentes ocurridos durante el desfile de una prueba que duró dos días. *Pueblo* v. *Cordero*, 82 D.P.R. 379 (1961). Para hacer una apreciación justa y cabal hay que considerar lo ocurrido durante todo el desfile de la prueba y no señalar incidentes aislados sin tener en cuenta lo ocurrido inmediatamente antes y después, así como la conducta del juez durante

todo el proceso. Ninguno de los incidentes señalados por el apelante, aún considerados aisladamente, ameritaría una revocación.

█ El segundo error nos parece extremadamente superficial. Su exposición lo demostrará. Cuando el abogado defensor le pide a un testigo que coloque la maquinilla sustraída en una caja de cartón, que se había declarado por un testigo que era más o menos igual a la que llevaba el acusado el día de los hechos, el fiscal comentó que por qué no se ponía al acusado a que hiciera eso. Obviamente éste no es un comentario sobre el silencio del acusado. Además el juez inmediatamente instruyó al jurado que no consideraran el comentario del fiscal, que fue claramente impropio.

█ El tercer señalamiento también carece de mérito. Para probar el valor de un objeto hurtado no se requiere el testimonio de un perito. El testimonio a ese efecto del dueño del objeto sustraído lo hemos considerado suficiente. *Pueblo* v. *Rivera*, 75 D.P.R. 298 (1953). Además aquí se presentó evidencia del costo original de la maquinilla y el director auxiliar interino del Negociado declaró que tenía un valor de $500. Esto es suficiente para establecer su valor.

█ El cuarto señalamiento ataca la suficiencia de la prueba. La relación que hemos hecho de ésta y la que el apelante hace en su alegato al discutir este error, de ser creída por el jurado establece la culpabilidad más allá de duda razonable. Es evidencia, en algunos aspectos circunstancial, pero ya dijimos en *Pueblo* v. *Bonilla*, 78 D.P.R. 152 (1955) citando de *Holland* v. *United States*, 348 U. S. 121:

"Evidencia circunstancial a este respecto es intrínsecamente igual que la evidencia directa o testifical. Se admite que la evidencia circunstancial puede en algunos casos conducir a un resultado enteramente incorrecto. Sin embargo esto es igualmente cierto de la evidencia testifical. En ambos casos, el jurado está llamado a pesar las ocasiones en que la evidencia correctamente indica culpabilidad frente a la posibilidad de una equivocación o una inferencia ambigua. En ambos casos, el jurado debe usar

300

su experiencia con la gente y con los sucesos de la vida al apreciar las probabilidades. Si el jurado queda convencido fuera de duda razonable, nada más podemos exigir."

Es más, la realidad es que el acusado se benefició del concepto que tenía el juez que presidió la vista, de cómo el jurado debía apreciar la evidencia circunstancial. A pesar de lo resuelto en *Pueblo* v. *Bonilla,* supra, el juez instruyó al jurado en el sentido de que:

"en casos de prueba de indicios deben probarse hechos que sean no solamente compatibles con la culpabilidad del acusado sino que también sean incompatibles con toda razonable hipótesis de su inocencia, siempre teniendo en cuenta la prueba presentada y no la imaginación."

Esta instrucción claramente benefició al acusado, pues al aquilatar la prueba el jurado, de acuerdo con las instrucciones del juez, tuvo que llegar a la conclusión que la evidencia presentada "era incompatible con toda razonable hipótesis de su inocencia."

*Procede la confirmación de la sentencia apelada.*