EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CÁN-
DIDO E. GAGOT MANGUAL, acusado y apelante.

*Número:* CR-67-226      *Resuelto:* 18 de octubre de 1968

*Santos P. Amadeo,* abogado del apelante; *Rafael A. Rivera Cruz,
Procurador General,* y *Lydia Nieves Franqui, Procuradora
General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Por veredicto unánime del jurado el ape-
lante Cándido E. Gagot Mangual fue convicto del delito de
hurto mayor, consistente en haber sustraído en 3 de sep-
tiembre de 1966 el automóvil Corvair, modelo 1965, licencias
745-945. Apeló.

(1) Al trasmitir las instrucciones al jurado el juez de
instancia les dijo:

"El hurto se divide en hurto mayor y hurto menor. Es hurto
mayor cuando la propiedad sustraída tiene un valor de cien
dólares o más y es hurto menor cuando la propiedad sustraída
tiene un valor menor de cien dólares. En este caso la imputación

que se hace al acusado es de hurto . . . mayor porque se alega en la acusación que el automóvil hurtado tiene un valor de cien dólares o más. En cuanto al valor del automóvil no hay controversia, la prueba es que vale mucho más de cien dólares. Ustedes no van a considerar el hurto menor. Si se ha cometido algún delito es de hurto mayor porque el valor del automóvil, si es que ese automóvil ha sido hurtado, el mismo no hay controversia en la prueba de si es de más de cien dólares. O sea, ustedes no tienen que considerar si se ha cometido o no un delito de hurto menor."

Se señala que esta instrucción es errónea porque la determinación del valor de la propiedad hurtada es una cuestión de hecho que corresponde al jurado. Irrespectivamente de que la defensa no objetó oportunamente la instrucción que ahora impugna, el tribunal tiene la obligación de instruir al jurado no sólo sobre los elementos del delito imputado, sino también de los elementos de delitos inferiores al imputado o comprendidos dentro del mismo, *cuando la prueba así lo justifique, Pueblo* v. *Burgos,* 76 D.P.R. 199, 202 (1954), y casos allí citados; *Pueblo* v. *Tufiño Cruz,* 96 D.P.R. 225 (1968), así como de las defensas levantadas por el acusado, *Pueblo* v. *Villanueva,* 49 D.P.R. 63 (1935). En el presente caso un examen de la prueba revela que respecta al valor del vehículo la única que se produjo estableció concluyentemente un valor superior a cien dólares. No se trata únicamente del testimonio de la perjudicada que lo estimó en $2,000, como aparenta sostener el apelante, y que de por sí es suficiente, *Pueblo* v. *Bonilla Figueroa,* 83 D.P.R. 295, 299 (1961), sin que sea necesaria prueba pericial al efecto, *Pueblo* v. *Rivera,* 75 D.P.R. 298 (1953), sino que el propio acusado declaró que el pago inicial por él efectuado ascendió a $1,400. Además se admitieron fotografías del vehículo hurtado y los contratos de venta condicional, de los cuales la *única* inferencia razonable es que el valor excedía de $100. Vale la pena apuntar que se trataba de un automóvil modelo 1965 que había sido adquirido un año antes del hurto, en 19 de

mayo de 1965, por precio de $3,326 (Exh. I del Pueblo). Nada hay en la prueba que justificara instrucciones sobre hurto menor y ningún perjuicio recibió el acusado por la omisión de así hacerlo.

(2) Se apunta igualmente que se cometió error al instruirse al jurado sobre el concepto de duda razonable. Dice así la instrucción:

"En toda causa criminal la culpabilidad del acusado debe establecerse más allá de duda razonable y cuando existe esa duda debe absolverse al acusado. Duda razonable no es meramente una duda posible. Existe duda razonable cuando después de un cuidadoso análisis, examen y comparación de toda la prueba queda el ánimo de ustedes, Señores del Jurado, en tal situación que no pueden decidir si tienen una firme convicción o certeza moral con respecto a la verdad de los hechos envueltos en la acusación. Esto no significa que deba destruirse toda duda posible ni que la culpabilidad del acusado tenga que establecerse con certeza matemática, sino que la evidencia debe producir a ustedes aquella certeza moral que convence, dirige la inteligencia y satisface la razón. No debe ser pues una duda especulativa o imaginaria. La duda que justifica la absolución no sólo debe ser razonable sino que debe surgir de una serena, justa e imparcial consideración de toda la evidencia del caso o de la falta de suficiente prueba en apoyo de la acusación."

La anterior instrucción, que ha sido sancionada tantas veces, expone cabalmente el concepto de duda razonable. El apelante hace referencia a otra parte de las instrucciones [1] en que el tribunal se refirió a "certeza moral". De una simple lectura puede observarse que se trataba de una referencia a la prueba en términos generales y no a la duda razonable.

---

[1] "La ley no exige un número determinado de testigos para la comprobación de un hecho o circunstancia. Un solo testigo que merezca absoluto crédito a ustedes es suficiente para establecer cualquier hecho o circunstancia. Tampoco exige la ley aquel grado de prueba que excluyendo toda posibilidad de error produzca absoluta certeza, porque tal prueba es rara vez posible. Sólo se exige la certeza moral o aquel grado de prueba que produzca convicción en un ánimo no prevenido."

■ (3) Los últimos tres errores se refieren a la suficiencia de la prueba y a la impugnación de lo que se califica como una "presunción", la que se refiere a la posesión de objetos hurtados o sustraídos. Reiteradamente hemos resuelto que la posesión de los artículos hurtados no explicada satisfactoriamente, tiende a demostrar la culpabilidad del acusado, y que este hecho, tomado junto con otras circunstancias del caso, puede justificar su convicción. *Pueblo* v. *Rodríguez*, 91 D.P.R. 157 (1964) y casos allí citados. No se trata, sin embargo, de una "presunción" como afirma el apelante; es una inferencia permisible de los hechos establecidos, cf. *Pueblo* v. *Vélez Matos*, 90 D.P.R. 9, 14 (1964). Por otro lado, la instrucción del tribunal sobre este particular fue clara y específica en cuanto al alcance de esta prueba. (²)

■ Una lectura del récord demuestra que la prueba de cargo fue robusta y convincente y que estableció suficientemente el delito imputado. La versión del apelante de que había comparecido a otorgar como fiador un contrato de venta condicional de un Corvair, que no leyó el documento ni se dio cuenta que firmaba como comprador, se desvanece ante una serie de circunstancias como la del cambio de las tablillas por las de otro Corvair, modelo 1961, comprado por

---

(²) "La mera posesión de la propiedad sustraída no es suficiente, no sería suficiente para condenar al acusado, o sea, el hecho de que una propiedad hurtada le sea ocupada a una persona eso de por sí, por sí sólo no sería suficiente para establecer su culpabilidad. Deben existir otras circunstancias de las cuales puedan ustedes lógica y razonablemente inferir la culpabilidad del acusado. Como se ha dicho aquí en los informes de las partes, una posesión de propiedad hurtada en manos de una persona sin una explicación plausible, lógica y razonable pues sería suficiente para establecer su culpabilidad. Ustedes son los llamados a determinar en primer lugar, si ese automóvil a que se refiere la acusación fue hurtado y si fue encontrado en poder del acusado y si ustedes entienden han quedado establecidos esos hechos entonces van a determinar si las otras circunstancias que ustedes estimen probadas por la prueba admitida por el Tribunal tienden a establecer la culpabilidad del acusado, o sea, tienden a establecer que fue el acusado el que sustrajo ese automóvil con la intención criminal de privar permanentemente a su dueño de su legítima pertenencia."

el acusado; el cambio de la pintura del vehículo hurtado, y más significativamente de la chapita de metal que identifica el número de motor del vehículo.

*No habiéndose cometido los errores apuntados se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 30 de junio de 1967.*