EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ
LAUREANO FIGUEROA, RAFAEL LAUREANO FIGUEROA, y
PEDRO TORRES NINGUI, acusados y apelantes.

*Número:* CR-68-159          *Resuelto:* 27 de mayo de 1969

*Miguel A. Quiñones Vázquez,* abogado del apelante; *J. F. Rodrí-
guez Rivera, Procurador General Interino,* y *Adolfo Negrón
Cruz, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El fiscal presentó una acusación contra José
Laureano Figueroa, Rafael Laureano Figueroa y Pedro
Torres Ningui, imputándoles que en 30 de septiembre de

1966 hurtaron 8 rollos de alambre valorados en más de $100.00 pertenecientes a la Autoridad de Fuentes Fluviales de Puerto Rico.

Un jurado les declaró culpables de hurto mayor y fueron sentenciados a la pena de 2 a 10 años de presidio. Los tres apelaron por medio de abogado, pero dos de ellos, José y Rafael Laureano Figueroa no han perfeccionado sus recursos por lo que los mismos serán desestimados.

Los hechos, según los resume correctamente el Procurador General, son los siguientes:

Allá para el 30 de septiembre de 1966, como a las dos de la madrugada y mientras dos policías de Humacao daban una ronda por la salida hacia Yabucoa, donde está ubicada la oficina local de Fuentes Fluviales, vieron a tres individuos cargando un rollo de alambre hacia un camión que estaba estacionado contiguo a la verja de la referida oficina en un callejón que conduce a la misma. En el camión había siete rollos adicionales del alambre que ellos habían sacado. Cuando la Policía los enfocó con la luz del vehículo oficial soltaron el rollo de alambre y se fueron a correr, pero logró agarrar a uno de ellos, José Laureano Figueroa. Los otros dos, Rafael Laureano Figueroa y Pedro Torres Ningui [el apelante] huyeron, habiendo sido arrestados posteriormente en Caguas, donde ellos vivían, mediante información ofrecida por José Laureano Figueroa.

José Laureano Figueroa negó haber intervenido en el hurto de los rollos de alambre y trató de justificar su presencia en el lugar de los hechos a base de que había ido a llevar una mudanza a Humacao y que el camión se le había apagado y se había estacionado fuera del pavimento, cerca de la Oficina de Fuentes Fluviales, para tratar de arreglarlo cuando intervino con él la Policía. [T.E. pág. 127]

Explicó haber identificado como participantes del crimen a su hermano Rafael y a Torres Ningui para que la Policía lo dejara en paz y le diera algo de comer [T.E. pág. 123] y porque donde vivía no conocía a nadie con nombre y apellido. [T.E. pág. 130]

Los otros dos coacusados presentaron la defensa de coartada, a través del testimonio de sus respectivas esposas, quienes testi-

ficaron que ellos estaban durmiendo en· sus respectivos hogares en la fecha de los alegados hechos. [T.E. págs. 88 y 99]"

El apelante Pedro Torres Ningui señala la comisión de seis errores. En el primero imputa al juez haber intervenido en forma indebida y excesiva en funciones del fiscal privándole en esta forma de un juicio justo e imparcial.

■ Las preguntas hechas por el juez tanto al policía como a Raúl Vélez tuvieron por objeto aclarar ciertos hechos que no surgían con toda claridad de sus testimonios, tales como la distancia a que el policía había estado de los acusados el día de los hechos, si les había visto las caras y si aquel sitio estaba alumbrado y en cuanto a Vélez las preguntas iban igualmente dirigidas a aclarar hechos sobre los cuales había ya declarado Vélez, especialmente lo relacionado con la identificación del alambre hurtado. Las preguntas no iban dirigidas a sostener la acusación, *Pueblo* v. *Acevedo*, 35 D.P.R. 966 (1926), ni a impugnar o contradecir testigos, no cayendo por tanto, los hechos de este caso bajo la doctrina establecida en *Pueblo* v. *Bartolomei*, 70 D.P.R. 698 (1949) y *Pueblo* v. *Aletriz*, 85 D.P.R. 646 (1962). Véase además, *Pueblo* v. *Piñero Ramírez*, Sentencia de 29 de enero de 1969.

Como segundo error señala que el veredicto es contrario a la prueba y en el tercero apunta que fue error la negativa del tribunal a rebajar la calificación del delito.

■ Su contención es que no se probó que la propiedad hurtada tuviera un valor de más de $100.00. No tiene razón. Vélez declaró que el alambre hurtado tenía un valor de $350.00. Su testimonio no fue rebatido y era suficiente para establecer el valor de la propiedad. *Pueblo* v. *Bonilla Figueroa*, 83 D.P.R. 295 (1961).

El cuarto error, al efecto de que el testimonio de Vélez sobre la falta del alambre hurtado era de referencia y no debió admitirse sobre la oposición de la defensa, carece de mérito. Vélez declaró que verificó personalmente con sus

empleados la falta de rollos de alambre de unos camiones estacionados en los predios de la Autoridad de Fuentes Fluviales y que luego los vio en el Cuartel de la Policía donde se los entregaron.

■ Invocando el caso de *Bruton* v. *United States*, 20 L.Ed.2d 476, el apelante sostiene en el quinto señalamiento que su convicción estuvo basada en la declaración extrajudicial del coacusado José Laureano. Además de esta declaración extrajudicial, hubo prueba de que el apelante fue visto junto a José y Rafael Laureano cargando un rollo de alambre cuando la policía llegó al sitio donde se cometía el hurto. Pero, aparte de esto, José Laureano declaró durante el juicio negando los hechos. El apelante tuvo oportunidad de contrainterrogar al testigo por lo que *Bruton* es inaplicable. Véase *Pueblo* v. *Méndez Nadal*, 97 D.P.R. 482 (1969).

■ El sexto y último señalamiento de error es inmeritorio. Por él se ataca la admisión en evidencia de la declaración extrajudicial del coacusado José Laureano por no habérsele advertido a éste de su derecho a asistencia de abogado y a no incriminarse. Tal protección corresponde a José Laureano invocarla y no al aquí apelante.

*Se confirmará la sentencia apelada.*