EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SERGIO RODRÍGUEZ AMOR, acusado y apelante.

*Número:* CR-73-92      *Resuelto:* 26 de marzo de 1974

*R. N. Ponce de Sánchez Rivoleda,* abogada del apelante; *Myriam Naveira de Rodón, Procuradora General,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo.

SENTENCIA

San Juan, Puerto Rico, a 26 de marzo de 1974

El apelante fue acusado conjuntamente con otra persona de tentativa de Hurto Mayor consistente en haber intentado sustraer un automóvil marca Oldsmobile modelo 1961 valo-

rado en más de $100.00 propiedad del Sr. Luis De la Cruz Figueroa. Arts. 50 y 428 del Código Penal (33 L.P.R.A. secs. 96 y 1683).

La prueba de cargo estableció que el bien objeto del delito no fue el automóvil sino el aire acondicionado del mismo. A esos efectos el juez sentenciador dio por enmendada la acusación. Sin embargo, fundó su fallo condenatorio por tentativa de Hurto Mayor en el valor del automóvil y no en el valor del aire acondicionado.

■ Se intentó probar el valor de dicho aire acondicionado con el solo testimonio de su dueño. Tal testimonio es, a ese respecto, conjeturante. No pudo precisar si el aire acondicionado valía más de $100.00, aunque declaró que dicho valor era más o menos de $200.00. Sin embargo, considerando que el automóvil tenía un valor entre $400.00 y $500.00; que era un modelo del año 1961; que el juego de neumáticos que tenía valía por sí sólo, $200.00 y, que no se precisó la fecha en que se instaló el aire acondicionado en el automóvil, ni cual fue su costo, es difícil inferir, para considerarlo como un hecho probado, fuera de duda razonable, que el valor del aire acondicionado fuera de $100.00 ó más.

■ Cuando existe duda sobre el grado del delito cometido por el acusado, debe condenársele por el delito en su grado inferior. Regla 110 de Procedimiento Criminal.

En su virtud se revoca la sentencia apelada y se devuelve el caso al tribunal de instancia para que se sentencie al acusado-apelante por el delito de tentativa de Hurto Menor.

Así lo pronunció y manda el Tribunal y certifica el señor Secretario. El Juez Asociado, Señor Rigau disintió con opinión, en la cual concurren los Jueces Asociados, Señores Torres Rigual y Martín.

(*Fdo.*) José L. Carrasquillo

*Secretario*

—o—

Opinión disidente emitida por el Juez Asociado Señor Rigau
con la cual concurren los Jueces Asociados Señores Torres
Rigual y Martín.

San Juan, Puerto Rico, a 26 de marzo de 1974

Disiento y paso a explicarme. Se trata de un caso de tentativa de hurto de mayor cuantía. Como se sabe, la ley dispone que es hurto de mayor cuantía cuando el valor de la propiedad sustraída es de $100.00 ó más. Es hurto de menor cuantía en los demás casos; esto es, cuando el valor de la propiedad sustraída es de menos de $100. 33 L.P.R.A. secs. 1683 y 1684.

Los hechos de este caso no están en controversia. Una madrugada, dos policías que estaban en servicio, cogieron *in fraganti* al acusado mientras trataba de hurtar de un automóvil el radio y el acondicionador de aire del vehículo. El automóvil estaba estacionado en Santurce. El acusado estaba acompañado de otro sujeto, quien al ver llegar la Policía dio la voz de alarma a su cómplice y se dio a la fuga, pero fue capturado más tarde. El policía De la Cruz declaró que sorprendió al acusado mientras destornillaba, para hurtarlos, los aparatos antes mencionados. El anterior es un cuadro demasiado frecuente contra el cual la ciudadanía tiene el derecho de ser protegida.

La opinión mayoritaria hace unos cálculos y por eliminación concluye que "es difícil inferir, para considerarlo como un hecho probado, fuera de duda razonable, que el valor del aire acondicionado fuera de $100.00 ó más."

Creo que es completamente innecesario hacer esos estimados bastante especulativos cuando en el propio récord hay prueba sobre la cuestión en controversia, la cual es el valor del equipo que el apelante trataba de hurtar. Veamos lo que

dice el récord. El testigo, dueño del vehículo en cuestión, declaró en el interrogatorio directo como sigue:

"Y ese aire acondicionado qué valor usted estima que tenía?
*"Doscientos pesos.*
"Para la fecha de los hechos?
"Más o menos.
"Nada más con el testigo, Señor Juez."—T.E. pág. 8. (Bastardillas nuestras.)

Y en el indirecto, sobre el mismo asunto, declaró en la siguiente forma:

"Y el aire acondicionado ese, qué precio usted que [*sic*] valdría, más o menos?
"Valdría *doscientos pesos,* el carro tenía tiempo ya, estaba trabajando *el aire bien* y está perfecto."—T.E. pág. 10. (Bastardillas nuestras.)

Nótese que el testigo no dijo que valía $100.00 ó menos, sino $200.00. Además, habría que sumarle el valor del radio. Eso hace del delito una tentativa de hurto mayor. Concurro con el testigo. No puedo creer que un radio de automóvil y un acondicionador de aire de automóvil valen, ambos, menos de $100.00.

Me parece que es claro que la tentativa fue de hurto de mayor cuantía y por eso me veo obligado a disentir.