Colón Birriel, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
Miguel Rosado López, (el “apelante”) nos solicita la revocación de una Sentencia dictada el 19 de junio de *886 2003, por el Tribunal de Primera Instancia, Sala Superior de Guayama, Aldo J. González Quesada, J. (el “TPI”) en el caso Pueblo de Puerto Rico v. Miguel Rosado López, Criminal Núm. GH02002G0022, Sobre: Artículo 105 del Código Penal (Actos Lascivos). Mediante el referido dictamen, el apelante fue condenado a seis (6) años de prisión, luego de haber sido declarado culpable y convicto en juicio por tribunal de derecho. Resolvemos con el beneficio de la comparecencia de las partes y la exposición narrativa de la prueba estipulada, no sin antes exponer, en lo pertinente, el trasfondo fáctico de lo acaecido.
II
Contra el apelante se sometió una denuncia por infracción al Artículo 99 del Código Penal (Violación) por hechos alegadamente ocurridos en horas de la tarde del 16 de agosto de 2001, en el municipio de Cayey. No obstante, en la vista de determinación de causa probable para arresto celebrada el 20 de marzo de 2002, se determinó causa probable por infracción al Artículo 105 del Código Penal (Actos lascivos o impúdicos), 33 L.P. R.A. § 4067, quedando la vista preliminar señalada para el 22 de mayo de 2002. Inconforme, el 25 de marzo de 2002, el Ministerio Público (Fiscal Neysa M. Jové González) solicitó vista de causa probable para arresto en alzada, señalándose dicha audiencia para el 9 de mayo de 2002. Posteriormente, la representación del apelante, Leda. Lesbia San Antonio Núñez, solicitó la transferencia de la vista por alegado conflicto de calendario, pautándose el nuevo señalamiento para el 18 de junio.
Así las cosas, el 3 de mayo de 2002, la Fiscal Jové González solicitó el desistimiento de la vista de causa probable en alzada. El 22 de mayo, se celebró la vista preliminar, determinándose causa para acusar por dicho delito. Se señaló la lectura de acusación para el 19 de junio y el juicio para el 23 de julio.
El 17 de junio, el Ministerio Público presentó la correspondiente acusación contra el apelante por infracción al Artículo 105. En su parte pertinente, la acusación lee como sigue:
“El Fiscal formula acusación contra Miguel Rosado López, por el delito de la [sic] Infr. Al Artículo 105 del Código Penal porque . ilegal, voluntaria, maliciosa y criminalmente mediante engaño, sin su consentimiento, sin consumar acceso camal, cometió un acto impúdico o lascivo con el ser humano M.A.R.A., de 5 años de edad, consistentes dichos actos en que el acusado le introdujo parte del dedo por la vagina, ocasionándole enrojecimiento en dicha área. Le agarró los brazos fuertemente, ocasionándole hematomas en ambos brazos, estando la niña en la residencia de la madre del acusado, lugar donde la cuidan. ”
El 19 de junio, al Acto de Lectura de Acusación compareció el apelante. En esa ocasión, se dejó sin efecto el señalamiento de juicio pautado previamente, señalándose para el 2 de agosto.
Luego de varios incidentes relativos al descubrimiento de pmeba, el 3 de octubre de 2002, el TPI celebró una vista para dilucidar una controversia suscitada con el descubrimiento solicitado por el apelante. La controversia versaba sobre la solicitud del apelante de que le fuera suministrada copias de ciertos informes preparados por el Centro de Ayuda a Víctimas de Violación (C.A.V.V.), relacionados con la menor perjudicada. El Ministerio Público se opuso a tal solicitud invocando el privilegio de la relación consejero y víctima. Luego de escuchar los planteamientos, el TPI declaró Con Lugar la solicitud del apelante emitiendo Resolución el 4 de octubre de 2002.
Inconforme, el 10 de octubre, el apelado Pueblo de Puerto Rico presentó Petición de Certiorari ante el extinto Tribunal de Circuito de Apelaciones (TCA) KLCE-02-01069, acompañándola de una moción urgente en auxilio de jurisdicción. Solicitó se dejare sin efecto la Resolución de 4 de octubre de 2002, emitida por el TPI autorizando el descubrimiento de todos los informes o notas relacionadas con el tratamiento suministrado a la menor perjudicada. Mediante Resolución de 11 de octubre de 2002, el TCA paralizó los procedimientos ante el TPI y concedió término al apelante para mostrar causa por la cual la Resolución recurrida no debía ser revocada. En atención a lo solicitado, y habida cuenta de que las notas y escritos de los consejeros del C.A.V.V. era *887 materia privilegiada, mediante Sentencia de 26 de noviembre de 2002, el TCA expidió el auto solicitado por el Pueblo de Puerto Rico y revocó la Resolución recurrida.
Tras varios trámites procesales, el 30 de abril de 2003, el apelante renunció a su derecho ajuicio por jurado continuando los procedimientos por tribunal de derecho. El juicio se celebró de manera fraccionada los días 30 de abril, 1, 12 y 16 de mayo de 2003. El apelante fue representado por las licenciadas, Lesbia San Antonio Núñez y Ana González Cabrera. Por su parte, el Ministerio Público fue representado por la Fiscal Neysa Jové González y el Fiscal Ulpiano Crespo Almenteros. Luego de que el Ministerio Público informara que sometería el caso con la prueba presentada, puso a la disposición del apelante los testigos no utilizados. Así las cosas, en la vista del 12 mayo, el Ministerio Público solicitó enmendar el pliego acusatorio a los fines de hacer constar que donde decía “le introdujo parte del dedo por la vagina” ahora leyese “tocó con su mano el área de la vagina”. A dicha enmienda se opuso el apelante, expresando que se trataba de una enmienda sustancial. Escuchados los argumentos, el TPI ordenó enmendar el pliego acusatorio según solicitado por el Ministerio Público.
Posteriormente, el apelante comenzó con su prueba, finalizando su presentación el 16 de mayo. Ese mismo día, el apelante sometió su caso, luego de lo cual, el TPI lo declaró Culpable y convicto del delito imputado. Se señaló el acto del pronunciamiento de la sentencia para el 20 de mayo de 2003.
El 6 de junio de 2003, el apelante presentó escrito intitulado Moción Asumiendo Representación Legal, de Reconsideración de Fallo y/o Nuevo Juicio, de Excarcelación y de Providencias Judiciales. Posteriormente, el 9 de junio de 2003, presentó “Moción Solicitando Circunstancias Atenuantes”. Por su parte, el Ministerio Público se opuso a la reconsideración del fallo y/o nuevo juicio, excarcelación y/o providencias judiciales.
El 19 de junio de 2003, fecha del pronunciamiento de la sentencia, el apelante argumentó en apoyo de su escrito de 6 de junio, haciendo lo propio el Ministerio Público en cuanto a su escrito en oposición. Posteriormente, el TPI condenó al apelante a cumplir seis (6) años de reclusión. Lo eximió del pago de las costas y del comprobante dispuesto por la Ley 195 del 25 de agosto de 2000.
Inconforme con dicha determinación, el 14 de julio de 2003, el apelante presentó su recurso de apelación. En síntesis, alegó que el TPI incidió: 1) al emitir un fallo de culpabilidad por el delito de actos lascivos con una prueba de cargo insuficiente en los hechos y en el derecho aplicable, sin que se establecieran los elementos del delito imputado ni la alegada comisión de un acto lascivo y sin que el Ministerio Público cumpliera con su deber constitucional de establecer su culpabilidad niás allá de duda razonable; 2) al permitir una enmienda sustancial a la acusación sin que se cumpliera con el debido proceso de ley sustantivo y procesal; 3) al declarar no ha lugar la solicitud de reconsideración de fallo y de providencias, donde se establecía la insuficiencia de la prueba y cuando procedía en derecho absolverlo; y 4) que la suma acumulativa de los errores al menos amerita la concesión de un nuevo juicio.
Por su parte, el 29 de noviembre de 2004, el apelado, Pueblo de Puerto Rico, presentó su alegato en oposición.
III
En su primer señalamiento, el apelante adujo que el TPI incidió al emitir un fallo de culpabilidad con una prueba de cargo insuficiente y sin establecer su culpabilidád más allá de duda razonable. No le asiste la razón. Veamos porqué.
La prueba del Ministerio Público consistió de los testimonios de: 1) la menor perjudicada, M.A.R.A., quien para la fecha de los hechos tenía cinco (5) años de edad; 2) José Alexis Ruiz Dones, padre de la menor; 3) Johanna Arroyo, madre de la menor; y 4) de la doctora Eurgilia Oneida O valle, quien atendió a la menor en la *888 Sala de Emergencia del Hospital Menonita el día de los hechos. Además, dicho funcionario presentó en evidencia dos (2) Informes de Ciencias Forenses; cinco (5) fotos de la menor; y dos cajas con la ropa que ésta tenía puesta el día de los hechos. Posteriormente, puso a disppsición del apelante los testigos que no utilizaría, a saber: al doctor Víctor Hernández Miranda, quién tomio las muestras de cabellos y vellos al apelante; a Angie Hemáiz, técnica de control y custodia de Ciencias Forenses, quien tomó las muestras de la ropa de la menor; y a Elena Santiago, quien tomó muestras serológicas.
Por parte del apelante declararon: 1) Ana María Dones, abuela paterna de la menor y quien la llevó al Hospital Menonita; 2) la doctora Florence Pérez Martínez, ginecóloga obstetra, quien examinó a la menor al día siguiente de los hechos; 3) María López Cartagena, abuela materna de la menor y a quien le narró lo sucedido; 4) Iris López, madre del apelante, madrina de la menor y propietaria de la residencia donde ocurrieron los hechos; 5) Nilda Ivette López, hermana de María López, tía del apelante y de la menor; y 6) Evarista Escalante, testigo de reputación.
Es norma reiterada que en los casos criminales, la culpabilidad del acusado debe establecerse más allá de duda razonable en cuanto a todos los elementos del delito y su’conexión con el acusado, en una vista, con todas las garantías del debido proceso de ley. Es, por tanto, obligación del Ministerio Público presentar prueba suficiente y satisfactoria que establezca más allá de duda razonable cada uno de los elementos del delito imputado. Art. II, § 11 de la Constitución del Estado Libre Asociado de Puerto Rico; Regla 10(F) de Evidencia, 32 L.P.R.A. Ap. IV, R. 10(f); Pueblo en interés del menor F.S.C., 128 D.P.R. 931, 941-942 (1991); Pueblo v. Roldan López, Per Curiam de 12 de septiembre de 2002, 2002 J.T.S. 125; Pueblo v. Rosario Orangel, Op. de 5 de noviembre de 2003, 2003 J.T.S. 167; Pueblo v. Calderón Álvarez, 140 D.P.R. 627, 643 (1996); Pueblo v. Sánchez Molina, 134 D.P.R. 577, 586 (1993).
El Ministerio Público descarga su responsabilidad de probar su caso más allá de duda razonable, cuando su prueba es suficiente y produce certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido. Pueblo v. Irizarry, Op. de 10 de mayo de 2002, 2002 J.T.S. 68, a la pág. 1109. No obstante, la determinación que ha hecho el juzgador de los hechos a nivel de instancia a los efectos de que la culpabilidad del imputado de delito ha quedado establecida más allá de duda razonable, es una que es revisable como cuestión de derecho. Pueblo v. González Román, 138 D.P.R. 691, 708 (1995).
Por su parte, la Regla 110 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 110, recoge, además, el concepto de presunción de inocencia en unión al de duda razonable. La Regla establece que:
“En todo proceso criminal, se presumirá inocente al acusado mientras no se probare lo contrario, y en caso de existir duda razonable acerca de su culpabilidad, se le absolverá. Si la duda es entre grados de un delito o entre delitos de distinta gravedad, sólo podrá condenársele del grado inferior o delito de menor gravedad. ” Pueblo v. Rodríguez Amor, 102 D.P.R. 158, 159 (1974).
En atención a la naturaleza del proceso criminal y los derechos constitucionales de un acusado, a éste le acompaña la presunción de inocencia en cuanto a todo elemento esencial del delito y el peso de la prueba no cambia en etapa alguna del proceso. Pueblo v. Túa, 84 D.P.R. 39, 53 (1961).
En nuestra jurisdicción se ha establecido que: “[d]uda razonable es una duda fundada, producto del raciocinio de todos los elementos de juicio envueltos en el caso. No debe ser, pues, una duda especulativa o imaginaria.” Esto significa que no toda “duda posible tenga que ser destruida y que la culpabilidad del acusado se establezca con certeza matemática, sino que la evidencia establezca aquella certeza moral que convence, dirige la inteligencia y satisface la razón”. Instrucciones al Jurado para el Tribunal Superior de Puerto Rico, San Juan, Revista Col. Abogados, 1976, a la pág. 42. Véase, además, Pueblo v. Somarriba García, 131 D.P.R. 462, 472-473 (1992); Pueblo v. Bigio Pastrana, 116 D.P.R. 748, 761 (1985); y Pueblo v. Gagot *889 Mangual, 96 D.P.R. 625, 627 (1968), entre otros.
Sabido es que:
“[l]a evidencia directa de un .testigo que merezca entero crédito es prueba suficiente de cualquier hecho, salvo que por ley otra cosa se disponga. ” Regla 10(d), 32 L.P.R.A. Ap. IV.
Al apelanté se le acusó por el delito de actos lascivos o impúdicos, definido como sigue:

“Toda persona que sin intentar consumar acceso carnal cometiere cualquier acto impúdico o lascivo con otra, será sancionada con pena de reclusión según más adelante se dispone si concurrieran cualesquiera de las siguientes modalidades:

(a) si la victima fuere menor de catorce (14) años.

(b) si la víctima ha sido compelida al acto mediante el empleo de fuerza física irresistible. ”

. La» menor declaró sobre la manera y lugar en que fúe tocada por el apelante en sus partes íntimas. Su testimonio matizado por expresiones propias de su edad mereció entera credibilidad al juzgador de los hechos. Si bien es cierto que hubo algunas lagunas y/o contradicciones en su declaración en cuanto a la forma y manera en que ocurrieron los hechos y su versión ofrecida en la vista preliminar, lo cierto es que, en lo medular, la menor «sostuvo su declaración de que el apelante le tocó-sus partes íntimas. Dicho testimonio fue evaluado y ponderado por el juzgador de los hechos, el cual la vio y escuchó declarar en el interrogatorio y luego en el contrainteríogátorio por la representación legal del apelante. Los padres de la menor, quienes estuvieron con ella el día de ocurrencia de los hechos y a quienes la menor le narró lo ocurrido, corroboraron su versión en cuanto a los hechos ocurridos y su autor.
La jurisprudencia ha establecido que meras inconsistencias en el testimonio de un testigo no obligan al juzgador a descartarlo. Pueblo v. Burgos Hernández, 113 D.P.R. 834, 840-841 (1983). Por otro lado, a pesar de que el juzgador de instancia es quien está en la mejor condición de apreciar la conducta total o comportamiento ("demeanor") de los testigos al declarar, lo que es imposible captar de una transcripción o exposición narrativa de la prueba. Sanabria v. Sucesión González, 82 D.P.R. 885, 993 (1961); “debemos recordar que no existe el testimonio perfecto, el cual, de ordinario, en lugar de ser indicativo de veracidad, és altamente sospechoso por cuanto, por lo general, es producto de la fabricación.” Pueblo v. Cabán Torres, 117 D.P.R. 645, 656 (1986).
Por otro lado, es norma establecida que no se debe revocar una convicción a base de un planteamiento de insuficiencia de prueba que se refiera a credibilidad de testigos en ausencia de prejuicio, parcialidad o error manifiesto. Pueblo v. Acabá Raíces, 118 D.P.R. 369, 375 (1987). De lo contrario, “la intervención indiscriminada con la adjudicación de credibilidad que se realiza a nivel de instancia, significaría el caos y la destrucción del sistema judicial existente en nuestra jurisdicción." Cabán Torres, 117 D.P.R., a la pág. 648.
Del expediente ante nuestra consideración no se sostiene la alegación del apelante. Por el contrario, de la transcripción estipulada de la prueba oral surge con claridad que cuando el TPI analizó la totalidad de la prueba recibida consideró que el apelante había cometido el delito imputado. Como hemos señalado, contrario a lo expresado por el apelante, el hecho de que un testigo incurra en contradicciones en tomo a detalles de los hechos no es óbice para que no se le de crédito a su testimonio, cuando nada increíble o improbable surge de éste. Pueblo v. Chévere Heredia, 139 D.P.R. 1, 20 (1995). No debemos perder de perspectiva que los hechos alegadamente ocurrieron cuando la víctima tenía la tierna edad de cinco (5) años, por lo cual en ocasiones sus recuerdos sobre el evento traumático podían ser vagos. En esencia, consideramos que su testimonio en conjunto con el resto de la prueba testifical fue suficiente para sostener la convicción del apelante en un ánimo no *890 prevenido del juzgador. Cabe señalar que el foro sentenciador tuvo prueba robusta y convincente tanto científica como documental para corroborar el testimonio de la menor perjudicada.
Luego de un análisis detallado del expediente ante nuestra consideración y de la exposición narrativa de la prueba presentada, entendemos que no surge ni un ápice de pasión, prejuicio o parcialidad que justifique la substitución del criterio del foro sentenciador. Por todo lo cual, consideramos que no se cometió el error alegado.
Como segundo señalamiento de error, el apelante adujo que el TPI incidió al permitir una enmienda sustancial a la acusación violando así su derecho a un debido proceso de ley. Veamos.
La Regla 38 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 38, en lo pertinente dispone:

“REGLA 38. ENMIENDAS A LA ACUSACIÓN, DENUNCIA O ESCRITO DE ESPECIFICACIONES

(a)... .

(b) Subsanación de defecto sustancial. Si la acusación o la denuncia adolecieren de algún defecto u omisión sustancial, el tribunal en el cual se ventilare originalmente el proceso podrá permitir, en cualquier momento antes de la convicción o absolución del acusado, las enmiendas necesarias para subsanarlo. Si se tratare de una acusación, el acusado tendrá derecho a que se le celebre de nuevo el acto de la lectura de la acusación. Si se tratare de una denuncia, el acusado tendrá derecho a que el juicio se le celebre después de los cinco (5) días siguientes a aquél en que se hiciere la enmienda.

(c)...

(d) Incongruencia entre las alegaciones y la prueba. El tribunal podrá permitir enmiendas a la acusación, a la denuncia o aun escrito de especificaciones en cualquier momento antes de la convicción o absolución del acusado, en caso de que hubiere incongruencia entre las alegaciones y la prueba. La incongruencia o desacuerdo entre las alegaciones y la prueba no será fundamento para la absolución del acusado; pero el tribunal, siempre que el acusado no se opusiere, deberá posponer el juicio si es de opinión que los derechos sustanciales del acusado se han perjudicado, para celebrarlo ante otro jurado o ante el mismo tribunal si el juicio no fuere por jurado, y según el tribunal determinare.

Si la incongruencia o desacuerdo es de tal naturaleza que la prueba estableciere un delito distinto del imputado, no incluido en éste, o estableciere la comisión de un delito fuera de la competencia del tribunal, se deberá disolver el jurado y se sobreseerá el proceso. ”

"El acusado, como cuestión del debido proceso de ley, tiene derecho a que se le notifiquen las enmiendas que subsanan la insuficiencia y las que afectan su defensa en forma significativa. Si se trata de un caso ante el Tribunal Superior, tendrá derecho a un nuevo acto de lectura de acusación. ..." Chiesa, Ernesto, Derecho Procesal Penal de Puerto Rico y Estados Unidos (Colombia Editorial Forum 1992), Vol. ID, a las págs. 175 y 176.
En el caso de marras, la enmienda del Ministerio Público al pliego acusatorio no fue sustancial, no versaba sobre alguno de los elementos del delito imputado,- tampoco cambió significativamente la forma y manera en que ocurrieron los hechos imputados al apelante. Razón por la cual, el apelante no tenía derecho a una nueva lectura de la acusación, según las disposiciones de la Regla 38 de Procedimiento Criminal, supra. A esos efectos, nuestro ordenamiento jurídico ha sido constante en que la prueba no puede corregir la insuficiencia del pliego acusatorio por razón de defecto sustancial. Pueblo v. Narváez, 122 D.P.R. 80, 86-87 (1988). Será *891 considerado como un defecto sustancial aquel pliego acusatorio en que falte alguno de los elementos del delito imputado, que falten aquellos hechos que son necesarios para imputar la conducta en cuestión como el delito. Pueblo v. Saliva, 130 D.P.R. 767, 774 (1992). Por lo tanto, a nuestro juicio, las enmiendas al pliego acusatorio en el caso de autos no son sustanciales, sino más bien de forma. Pueblo v. Belén, 96 D.P.R. 669, 670-671 (1968).
El debido proceso de ley en el ámbito procesal es la garantía fundamental que tiene un ciudadano ante una investigación y procesamiento criminal. El Art. II, § 7 de nuestra Constitución, en lo pertinente, dispone que "Ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley". Igualmente, constituye otro precepto o normativa fundamental de nuestro sistema, consagrado en la Sexta Enmienda a la Constitución de los Estados Unidos, como en la § 7 del Art. II de nuestra Constitución, que en todo proceso criminal, el acusado tendrá derecho a estar informado de la naturaleza y causa de la acusación. Ese derecho surge como uno de justicia fundamental al amparo del debido proceso de ley.
Igualmente, y dentro del principio del debido procesó de ley, se requiere al Ministerio Público que informe con la denuncia la lista de testigos, de manera de brindar a todo acusado o imputado la oportunidad de prepararse adecuadamente para su defensa y carearse con los testigos de cargo. Ello conlleva tener conocimiento con anterioridad de los testigos que habrán de declarar en su contra. Hoyos Gómez v. Tribunal Superior, 90 D.P.R. 201, 203 (1964).
En el caso de autos, la enmienda al pliego acusatorio no versaba con respecto a la forma y manera en que ocurrieron los hechos, razón por la cual, a nuestro juicio, no era necesaria, puesto que tal y como estaba redactada la acusación era suficiente para imputar el delito de actos lascivos. No se trata de una enmienda sustancial que vulnere el debido proceso dé ley del apelante; por el contrario, se trató de una corrección en cuanto al acercamiento y grado de contacto físico del apelante sobre la menor. Consideramos.que la enmienda aportó claridad a la acusación, pero se trataba de la misma conducta penable como delito bajo el Artículo 105 del Código Penal, supra. En resumen, no erró el tribunal al concluir que las enmiendas a la acusación no eran-sustanciales.
El apelante adujo como tercer señalamiento que el TPI incidió al declarar no ha lugar su moción de reconsideración y de providencias. Veamos.
Este señalamiento no merece mayor análisis, ya que hemos quedado totalmente convencidos de que la prueba presentada por el Ministerio Público demostró más allá de duda razonable la comisión del delito imputado al apelante. No obstante, debemos reiterar que del examen detenido de los autos originales, de la exposición narrativa y de los escritos de las partes, podemos colegir con el dictamen recurrido ante la ausencia de error manifiesto, prejuicio o parcialidad. Además no podemos perder de vista que no existe un deber para los jueces de instancia de acoger las mociones de reconsideración que se les presenta; ello es una cuestión de discreción.
En nuestro ordenamiento jurídico se ha entendido que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 658 (1997); Pueblo v. Ortega Santiago, 125 D.P.R. 203, 211 (1990); Pueblo v. Sánchez González, 90 D.P.R. 197, 200 (1964). Dentro del ámbito judicial, el concepto de discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho; el así actuar constituye claramente un abuso de discreción”. Pueblo, 90 D.P.R., a la pág. 200; Bco. Popular de P.R, 144 D.P.R., a la pág. 658.
En ese sentido, nuestro más alto foro ha sostenido que en ausencia de pasión, prejuicio o ejercicio manifiestamente irrazonable de discreción, el foro apelativo no intervendrá con la determinación del juez de *892 instancia. Pueblo v. Borrero Robles, 113 D.P.R. 387, 394 (1982).
En el caso de autos, el fallo de culpabilidad fue uno correcto en derecho, por lo cual no había nada que reconsiderar.
En el cuarto y último señalamiento, el apelante aduce que la suma acumulativa de los errores al menos amerita la concesión de un nuevo juicio. Discrepamos de lo alegado. Como hemos mencionado, la prueba de cargo estableció todos los elementos del delito imputado, mereció credibilidad al juzgador de los hechos, quien no tenía otra alternativa que encontrar culpable al apelante.
En aras de impartir justicia, un tribunal apelativo tiene la facultad inherente de considerar y resolver errores patentes que surjan de un recurso aun cuando no hayan sido traído a consideración por las partes. Hernández v. Espinosa, 145 D.P.R. 248, 264-265, (1998). En este caso, el Procurador General no ha traído a nuestra atención el que el foro de instancia eximió erróneamente al apelante del pago de la pena especial dispuesta por la Ley Núm. 195 de 25 de agosto de 2000. A nuestro juicio, lo eximió erróneamente. Veamos.
Mediante la Ley Núm. 183 del 29 de julio de 1998, se estableció la Oficina de Compensación a Víctimas de Delitos adscrita al Departamento de Justicia, y se adicionó el Art. 49 (C). a la Ley Núm. 115 de 22 de julio de 1974, según enmendado, conocido como el Código Penal del Estado Libre Asociado de Puerto Rico (Código Penal).
Posteriormente, mediante la Ley Núm. 195 de 25 de agosto de 2000, se enmendó y adicionaron nuevos incisos a la Ley Núm. 183, supra. Se enmendó, además, el Artículo 49 (C) del Código Penal, el cual lee como sigue:

“Art. 49-C. - Penal especial (33 L.P.R.A. see. 3214)

Además de la pena que se imponga por la comisión de delito, el tribunal impondrá a todo convicto una pena especial entre cincuenta (50) y cien (100) dólares, por cada delito menos grave y trescientos (300) dólares por cada delito grave. Los mencionados delitos graves y menos graves serán aquéllos de cualquier tipo que aparezcan tipificados en la Ley Núm. 115 de 22 de julio de 1974, según enmendada, conocida como “Código Penal del Estado Libre Asociado de Puerto Rico”, así como de cualesquiera otras leyes penales especiales. La pena aquí dispuesta se pagará mediante la cancelación de los correspondientes comprobantes de rentas internas o por cualquier otro método electrónico que permita la fácil identificación de fondos y sea aceptado por el Departamento de Hacienda, según disponga el Secretario de Justicia mediante reglamento u orden administrativa. Las cantidades así recaudadas ingresarán al Fondo Especial de Compensación a Víctimas de Delito.

En los casos de delitos graves, el tribunal podrá eximir del pago de la cancelación del comprobante de rentas internas que surgan de por lo menos dos (2) de las siguientes condiciones:

1. El Ministerio Público no presenta objeción a que se exima;

2. el convicto es una persona indigente, representado por la Sociedad para la Asistencia Legal, un abogado de oficio u otra institución que ofrezca representación legal gratuita a indigentes;

3. el delito grave por el cual fue convicto no es uno de los enumerados en el Artículo 10-A de la Ley Núm. 116 de 22 de julio de 1974. En estos casos no podrá eximirse del pago de arancel; y

4. no existe parte perjudicada directamente o, de existir, ha sido resarcida adecuadamente a juicio del *893 Tribunal.” (Énfasis suplido)
Como hemos mencionado, el apelante resultó culpable por infracción al Artículo 105 del Código Penal (actos lascivos e impúdicos). Se le sentenció a seis (6) años de reclusión, a cumplirse de forma consecutiva con cualquier otra pena que estuviere cumpliendo. Se le eximió del pago de las costas y de la pena especial de trescientos (300) dólares dispuesta por la referida,Ley Núm. 183 de 29 de julio de 1998, según enmendada.
A nuestro juicio, el TPI no podía eximir al apelante del pago de la pena especial, pues no concurrían los requisitos para ello. Para poder eximirlo debían surgir por lo menos dos (2) de las cuatro (4) condiciones enumeradas en el Art. 49 (C). De las cuatro (4) condiciones sólo se daba una: que el Ministerio Público no presentó objeción a que se eximiera del pago de la pena. Las restantes tres (3) condiciones no se daban. A saber, el convicto no es una persona indigente, representado por la Sociedad para la Asistencia Legal, un abogado de oficio u otra institución que ofrezca representación legal gratuita a indigentes; el delito grave por el cual fue convicto (actos lascivos o impúdicos) es uno de los enumerados por el Artículo 10-A de la Ley Núm. 116 de 22 de julio de 1974, y por último, pero no menos importante, existía una parte peijudicada directamente, en este caso una menor de cinco (5) años.
En resumen, no procedía eximir al apelante del pago de la pena especial en el cargo por el cual resultó convicto.
En mérito de lo expuesto, confirmamos la Sentencia dictada el 19 junio de 2003, por el Tribunal de Primera Instancia, Sala Superior de Guayama. Por considerar que el foro de instancia erró al eximir al apelante del pago de la pena especial de $300 dispuesta por el Artículo 49-C del Código Penal, 33 L.P.R.A. see. 3214, devolvemos el caso a dicho foro a los fines de imponerle al apelante, Miguel Rosado López, la referida pena especial.
Lo acordó el Tribunal y lo certifica la Secretaria Interina del Tribunal de Apelaciones.
Mildred Ivonne Rodríguez Rivera
Secretaria del Tribunal de Apelaciones Interina